IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

Yvette Cooper  \*
2301 North Calvert Street
Baltimore, Maryland 21218

    *Plaintiff*

vs.                                                                         Case Number 1:23-CV-03116

Baltimore Gas and Electric Company, et al.  \*
2 Center Plaza
110 West Fayette Street
Baltimore, Maryland 21227

    *Defendants*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S MOTION FOR CONTEMPT OF COURT FOR TAVON ROBERTS' FAILURE TO ATTEND A DEPOSITION FOLLOWING PROPER SERVICE**

    Plaintiff, Yvette Cooper ("Plaintiff") by and through her undersigned counsel, Donald R. Huskey of the Law Office of Donald R. Huskey, L.L.C. and Governor Jackson, III of the Law Office Governor Jackson, III L.L.C. hereby file this Motion For Contempt of Court For Tavon Roberts' Failure To Attend A Deposition Following Proper Service, and in furtherance of their Motion state as follows:

    ***Statement of Facts***

    The instant case involves Plaintiff Cooper's claims of sexual harassment, gender discrimination, and retaliation by the Defendants' former agent, servant and employee, Tavon Roberts, which caused her to manifest physical symptoms of being emotionally upset, including crying, sustaining weight loss, embarrassment, loss of self-esteem and feeling of worthlessness resulting in her mental health care and treatment, and exacerbation of her pre-existing mental health condition of the following primary diagnosis: F41.1.300.02 General Anxiety disordere and F43.10.309 posttraumatic stress disorder. *See Complaint* at para. 2.

Given the status of Mr. Roberts as a former agent, servant, and employee of the Defendants, the Defendants did not voluntarily produce Mr. Roberts for deposition and, subsequently, a subpoena was issued pursuant to Fed. R. Civ. P. 45 for his appearance at a deposition on December 16, 2024 at 11:00 a.m. at the Law Office of Governor Jackson, III, L.L.C. *See Exhibit 1* [Subpoena for Tavon Roberts]. After four attempts via private process server, the subpoena, Notice of Deposition, and requisite check was served on Mr. Roberts on December 4, 2024. The service efforts were described by undersigned counsel as follows:

> "MR. HUSKEY: Yeah. I would make the statement that we tried to previously (inaudible) processing. The first time that processor went there, he knocked on the door, a guy meeting the description of Tavon Roberts came to the door and said he was not Tavon Roberts. The guy then (inaudible) was there a picture of him and we sent a picture to them from the e-mail chain that a Brett Cooper had had where he had his picture. They then sent me a notice that says, processors said that he had lied about his identification. They made two more attempts and were unable to secure him. We moved the process over to ABC Processor and they made two attempts were unable to secure him.
> On December the 4th, my son and I drove to the home location which was the one stated by Mr. Jackson, and approximately 7:25 a.m. the lights came on and Mr. Roberts walked out with a grey pitbull on a leash. He walked up the street and it looked like the dog relieves himself and as he was walking back towards the entry to the home, my son got out of the vehicle, walked over to him and said Tavon? He said yes. He gave him the papers and the check. He accepted them without incident, looked at them and walked back into the location and— and shut the door and the lights remained on. That's all I have based on the record."
> *See Exhibit 2* [Statement on the Record dated December 16, 2024].

After service of the subpoena, there was no motion to quash filed by Mr. Roberts or on Mr. Roberts' behalf.

Subsequently, counsel for the parties were present with a court reporter on December 16, 2024 at 11:00 a.m. and waited for approximately forty-five minutes after which it was agreed upon by counsel for the parties that Mr. Roberts was not going to attend the deposition. A statement was placed on the record by counsel for the parties and relevant exhibits marked prior to the conclusion of the statement on the record. *Id*.

2

*Legal Standard*

Pursuant to Fed. R. Civ. P. 45(a)(1)(A)(iii), a subpoena commands each person to whom it is directed to to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii). Fed. R. Civ. P. 45(d)(2)(B) provides that a person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served.

Pursuant to Fed. R. Civ. P. 45(g), the court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it. *See* Fed. R. Civ. P. 45(g).

*Legal Analysis and Request for Relief*

Civil contempt is an appropriate sanction if we can point to an order of this Court which "set[s] forth in specific detail an unequivocal command" which a party has violated. In re General Motors Corp., 61 F.3d 256 (1995); *see also* Ferrell v. Pierce, 785 F.2d 1372, 1378 (7th Cir.1986) (citation and internal quotation marks omitted), and Project B.A.S.I.C. v. Kemp, 947 F.2d 11, 16 (1st Cir.1991) ("[C]ivil contempt will lie only if the putative contemnor has violated an order that is clear and unambiguous."). The burden is on the complainant to prove civil contempt by clear and convincing evidence. *Id.* A finding of civil contempt, and entry of

appropriate sanctions, is warranted when there is "clear and convincing evidence" of "(1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's `favor;' (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive) of such violations; and (4) that the movant suffered harm as a result."). Nutramax Labs., Inc. v. Manna Pro Prod., LLC, C/A No. 0:16-01255-JMC, 2016 WL 11604340, at *4 (D.S.C. Dec. 1, 2016) .

    Based on the record set forth in the exhibits attached hereto, Plaintiff Cooper properly served a subpoena with the requisite accompanying documents upon Tavon Roberts, requiring his attendance at a deposition on a specified date and time. Following service upon Mr. Roberts, no objections were lodged by him or on his behalf. Additionally, he failed to appear at the deposition without any adequate excuse thereby violating the letter and spirit of Fed. R. Civ. P. 45. Therefore, Plaintiff Cooper respectfully request that this honorable Court find that Tavon Roberts is in contempt of court, and further order that a warrant for the arrest of Tavon Roberts be issued within five (5) days of this honorable Court's Order granting Plaintiff's Motion for purposes of having Mr. Roberts arrested and compelled to appear at a deposition to be held at the United States District Court for the District of Maryland.

Respectfully submitted,

<u>Donald Huskey /s/</u>
Donald R. Huskey (Bar No. 22981)
CPF NO. 0712010286
Law Offices of Donald R. Huskey LLC
9419 Lyonswood Drive
Owings Mills, Maryland 21117
443-929-1001
dr.huskey@gmail.com

<u>Governor Jackson, III /s/</u>
Governor Jackson, III (Bar No. 27673)
Law Office of Governor Jackson,III, LLC
400 E. Joppa Road,
Suite 50
Towson, Maryland 21286
(410) 528-5150
(410) 528-1055 (f)
gjackson@governorjacksonlaw.com
CPF #0412140364

**CERTIFICATE OF SERVICE**

I hereby certify on this 22nd day of December 2024, that I electronically filed the foregoing Motion For Contempt of Court For Tavon Roberts' Failure To Attend A Deposition Following Proper Service thereby effectuating service upon all counsel.

<u>Governor Jackson, III /s/</u>
Governor Jackson, III