# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

YVETTE COOPER,     :
           :
   Plaintiff,    :   Civil Action No. 1:23-cv-03116-JRR
           :
  v.        :
           :
BALTIMORE GAS AND ELECTRIC :
COMPANY and WHELAN SECURITY :
MID-ATLANTIC LLC, d/b/a   :
GARDAWORLD SECURITY SERVICES :
d/b/a GARDAWORLD,    :
           :
   Defendants.   :

## DEFENDANT WHELAN SECURITY MID-ATLANTIC LLC, d/b/a GARDAWORLD SECURITY SERVICES d/b/a GARDAWORLD'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33 and Local Civil Rule 104, Defendant Whelan Security Mid-Atlantic LLC d/b/a GardaWorld Security Services d/b/a GardaWorld ("GardaWorld") hereby responds to Plaintiff Yvette Cooper's Interrogatories, subject to the following general objections and exceptions, as well as the specific objections set forth in response to each interrogatory. The general objections and exceptions apply throughout, and the fact that the general objections and exceptions are not reiterated in each separate response is not a waiver or diminution of the objection or exception.

### General Objections and Exceptions

1. These responses are made under a reservation of GardaWorld's right to supplement or amend its responses.

2. All of the responses contained herein are based only upon such information and documents as are presently available to and specifically known to GardaWorld. Each answer is

subject to all objections as to competence, relevance, materiality, propriety and admissibility and any and all other objections on grounds that would require the exclusion of any statement contained herein if any interrogatory were asked or any statement contained herein were made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial. The fact that GardaWorld has answered part or all of any request or responded affirmatively with regard to a request for production of documents is not intended and should not be construed to be a waiver by GardaWorld of all or part of any objection to any request for information or documents propounded by Plaintiff.

3.      GardaWorld objects to the interrogatories to the extent they seek documents or information protected by the attorney-client privilege or any other applicable privilege, and such documents or information will not be disclosed. GardaWorld further objects to the extent the interrogatories seek disclosure of documents or information concerning the mental impressions, conclusions, opinions and/or legal theories of counsel concerning the litigation or its subject matter and/or are otherwise protected by the work product doctrine or protected from disclosure as trial preparation materials, and such documents or information will not be disclosed. Nothing contained in these responses is intended to be, or in any way shall be deemed, a waiver of any applicable privilege or doctrine. GardaWorld will not provide a privilege log for any information or document which post-dates the filing of Plaintiff's Charge of Discrimination with the Equal Employment Opportunity Commission.

4.      GardaWorld objects to many of the interrogatories as unduly burdensome as many of the interrogatories involve issues where another method of discovery is preferable and far less burdensome. Plaintiff's interrogatories are also unduly burdensome to the extent the responses may not be known to a single individual. GardaWorld reserves the right to supplement and/or

amend these responses to incorporate the testimony of witnesses who may testify at deposition or who otherwise have knowledge of relevant facts, and/or to challenge these requests as being unduly burdensome and a violation of privilege and to object to their use at trial.

5.    GardaWorld objects to the Definitions and Instructions which precede the interrogatories insofar as they modify or expand the requirements of the applicable rules and insofar as they seek privileged information or information not relevant to Plaintiff's claims.

6.    GardaWorld objects to the compound nature of the interrogatories, and to the extent the interrogatories, including subparts, exceed the maximum number of interrogatories permitted by the Federal Rules of Civil Procedure.

<u>**Objections and Responses to Interrogatories**</u>

1.    Please identify each supervisor or manager who was responsible for overseeing the work of the Plaintiff, and for each such person please state specifically and in detail with respect to each, his or her name, title and gender, and the work station location or office location wherein this person worked.

**Objection:** GardaWorld objects to this interrogatory on the grounds the terms "supervisor," "manager," and "overseeing" are not defined and, thus, the interrogatory is vague, ambiguous and susceptible to multiple interpretations. GardaWorld further objects to the extent the identity of an individual as a "supervisor" and/or "manager" calls for a legal conclusion.

**Response:** Subject to and without waiving the foregoing objections, GardaWorld states the following individuals "oversaw" aspects of Plaintiff's work:

- Major Roy J. Engel (male), Project Manager. Major Engel is the Project Manager for GardaWorld's account with Baltimore Gas and Electric Company ("BGE") and, as such, rotates to various BGE locations.

- Tavon Roberts (male), Former Site Supervisor GEB. Mr. Roberts' work location was at BGE's principal office located at 110 W. Fayette Street, Baltimore, Maryland.

2.     Please identify each writing or document that exists pertaining to the hiring, employment, and termination of every person who managed or supervised the Plaintiff, including but not limited to those writings contained within their respective personnel files, and for each such writing, please set forth its title, date, author, purpose, and a summary of its contents, and the name, address, and telephone number of the person who has custody of the document.

**Objection:** GardaWorld objects to this interrogatory on the grounds the terms "managed" and "supervised" are not defined and, thus, the interrogatory is vague, ambiguous, and susceptible to multiple interpretations. GardaWorld further objects to the extent the identity of an individual as a "supervisor" and/or "manager" calls for a legal conclusion. GardaWorld further objects to this interrogatory on the grounds it is overly broad, unduly burdensome, not relevant, and not proportional to the needs of the case to the extent it seeks the identification of "each writing or document" concerning the "employment," without limitation or further specification, of every individual who "managed" or "supervised" Plaintiff. Thus, the interrogatory seeks information not relevant or proportional to the allegations, claims, and/or defenses in this matter. GardaWorld further objects to this interrogatory to the extent it seeks confidential personal and personnel information of current and/or former employees who are not party to this case, the disclosure of which may violate their privacy interests.

**Response:** Subject to and without waiving the foregoing objections, GardaWorld states Major Engel was hired by GardaWorld effective June 2, 2021, and is currently employed by GardaWorld. Please see GardaWorld's response to Interrogatory No. 1 for Major Engel's position

title. In further response, GardaWorld refers Plaintiff to its response to Request for Production

No. 6 for Tavon Roberts' personnel file.

3.     Identify each type of benefit to which Plaintiff would have been entitled, from the

date of the termination to the present, if the termination had not happened and the Plaintiff had

remained in the same job position. For each type of benefit, state the amount this Defendant

would have paid to provide the benefit for the Plaintiff during this time period and the value of

the benefit to the Plaintiff.

**Objection:** GardaWorld objects to this interrogatory on the grounds it is overly broad,

unduly burdensome, not relevant, and not proportional to the needs of the case, as Plaintiff did

not elect to participate in any GardaWorld benefits during her employment in 2021 and 2022.

GardaWorld further objects to this interrogatory to the extent it assumes facts not in evidence, i.e.

that Plaintiff was terminated.

4.     If you contend that the Plaintiff has not made reasonable efforts to minimize the

amount of the Plaintiff's lost income since her separation from employment with this Defendant,

describe what more Plaintiff should have done, state the names, addresses, and telephone

numbers of all persons who have knowledge of the facts that support your contention, and

identify all documents that support your contention, including in your answer the current

custodian of such documents.

**Objection:** GardaWorld objects to this interrogatory to the extent it seeks the thought

processes and mental impressions of counsel, the disclosure of which is prohibited. GardaWorld

further objects to this interrogatory to the extent it is premature, as GardaWorld has not yet

received Plaintiff's written discovery responses nor taken Plaintiff's deposition, and GardaWorld has not yet determined whether it will identify an expert witness to opine upon the issue of Plaintiff's alleged economic damages and/or mitigation efforts. GardaWorld further objects to this interrogatory to the extent it calls for a legal conclusion.

**Response:** Subject to and without waiving the foregoing objections, upon information and belief, and based on information available to date, GardaWorld states Plaintiff did not mitigate her damages. In her Initial Discovery Disclosures, Plaintiff indicated she filed "an application" with a search firm "for security guards" and further indicated she has not been employed since her separation of employment from GardaWorld.

5.     State whether this Defendant or any of its agents, servants, or employees has obtained a written or recorded statement from any individual concerning the Plaintiff's separation of employment and for each such statement, state the name, address, and telephone number of the individual from whom the statement was obtained, the name, address, and telephone number of the individual who obtained the statement, and the date the statement was obtained.

**Objection:** GardaWorld objects to this interrogatory on the grounds the term "statement" is not defined and, thus, the interrogatory is vague, ambiguous, and susceptible to multiple interpretations. GardaWorld further objects to this interrogatory on the grounds it is overly broad, unduly burdensome, not relevant and not proportional to the needs of the case to the extent the request for information regarding GardaWorld's "agents, servants, or employees" encompasses thousands of individuals, many of whom are not managerial and/or supervisory, and to the extent it seeks information regarding a "statement" from any "individual." GardaWorld further objects

to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.

**Response:** Subject to and without waiving the foregoing objections, GardaWorld refers Plaintiff to the documents produced in response to Plaintiff's Requests for Production.

6.    Until the date when the Plaintiff ceased working for this Defendant, state whether there were ever any complaints relative to the Plaintiff's ability to do the work assigned, and, if so, describe these complaints in detail including in your answer the date and time of the complaint, the name and address of each person making the complaint, the name and address of each person to whom the complaint was made, and the form (i.e. verbal or written) of the complaint.

**Objection:** GardaWorld objects to this interrogatory to the extent it seeks information not within the possession, custody or control of GardaWorld.

**Response:** Subject to and without waiving the foregoing objection, GardaWorld states it was informed in August 2022 of complaints that Plaintiff smelled of marijuana while on shift at the BGE site. In further response, GardaWorld refers Plaintiff to the documents produced in response to Plaintiff's Requests for Production.

7.    State with particularity each type of benefit and/or compensation which the Plaintiff was entitled to receive during Plaintiff's employment with Defendant, including in your answer for each form of additional compensation the extent to which such benefits and/or compensation is supported by contribution by the Defendant, the extent to which such benefits

and/or compensation is supported by contribution by the Plaintiff, and any condition precedent which was required to be met for Plaintiff to receive such benefits and/or compensation.

**Objection:** GardaWorld objects to this interrogatory on the grounds the term "additional compensation" is not defined and, thus, the interrogatory is vague, ambiguous, and susceptible to multiple interpretations. GardaWorld further objects on the grounds this interrogatory is overly broad, unduly burdensome, not relevant, and not proportional to the needs of the case, as Plaintiff did not elect to participate in any GardaWorld benefits during her employment in 2021 and 2022. GardaWorld further objects to the extent this interrogatory is duplicative of other interrogatories herein.

**Response:** Subject to and without waiving the foregoing objections, and notwithstanding that Plaintiff did not elect to participate in any benefits offered by GardaWorld during her employment in 2021 and 2022, GardaWorld refers Plaintiff to the documents concerning benefits for which Plaintiff was eligible to enroll in 2021 and 2022, which are produced in response to Plaintiff's Requests for Production. In further response, GardaWorld refers Plaintiff to the benefits described in the Employee Handbook, produced in response to Plaintiff's Requests for Production.

8.    State with particularity whether Plaintiff was entitled to receive overtime pay at any time during the course of her employment, including in your answer the prerequisite(s) and/or protocols, guidelines, or standard operating procedures which Plaintiff had to follow for Plaintiff to receive overtime pay to which the Plaintiff was entitled to receive during Plaintiff's employment with the Defendant.

**Response:** Plaintiff was eligible for overtime in accordance with GardaWorld policy. GardaWorld refers Plaintiff to the Employee Handbook, produced in response to Plaintiff's Requests for Production, which contains a section concerning overtime.

9.      State whether this Defendant or any of its agents, servants, or employees has obtained a written or recorded statement from any individual concerning the Plaintiff's termination and for each such statement, state the name, address, and telephone number of the individual from whom the statement was obtained, the name, address, and telephone number of the individual who obtained the statement, and the date the statement was obtained.

**Objection:** GardaWorld objects to this interrogatory on the grounds the term "statement" is not defined and, thus, the interrogatory is vague, ambiguous, and susceptible to multiple interpretations. GardaWorld further objects to this interrogatory on the grounds it is overly broad, unduly burdensome, not relevant and not proportional to the needs of the case to the extent the request for information regarding GardaWorld's "agents, servants, or employees" encompasses thousands of individuals, many of whom are not managerial and/or supervisory, and to the extent it seeks information regarding a "statement" from any "individual." GardaWorld further objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. GardaWorld further objects on the grounds the interrogatory assumes facts not in evidence, i.e. that Plaintiff was terminated from her employment with GardaWorld. GardaWorld further objects to this interrogatory to the extent it is duplicative of other interrogatories herein.

**Response:** Subject to and without waiving the foregoing objections, GardaWorld refers Plaintiff to its response to Interrogatory No. 5.

9

10.    State the name and title of every individual who was consulted and/or provided information in response to this First Set of Interrogatories and identify which Interrogatory or Interrogatories for which they provided information.

**Objection:** GardaWorld objects to this interrogatory on the grounds it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. GardaWorld further objects to this interrogatory to the extent it seeks the thought processes of counsel, the disclosure of which is prohibited.


11.    State whether you contend Plaintiff was unqualified for any position for which the Plaintiff applied or was considered and any factual basis which you believe support such contentions.

**Objection:** GardaWorld objects to this interrogatory on the grounds it is not relevant and not proportional to the needs of the case, as this matter does not involve Plaintiff's application and selection for a position. GardaWorld further objects to this interrogatory on the grounds it is overly broad, unduly burdensome, not relevant, and not proportional to the needs of the case, as it is not limited in time. GardaWorld further objects to this interrogatory to the extent it seeks a legal conclusion.

**Response:** Subject to and without waiving the foregoing objections, GardaWorld states Plaintiff was qualified for the positions for which she applied until her drug screen test was inconclusive. Plaintiff was required to pass the drug screen to continue employment.


12.    State whether this Defendant had a policy against harassment in the workplace during Plaintiff's employment with the Defendant including in your answer, the dates during

which the policy was in effect, a description of the policy, and whether the policy was written or oral.

**Response:** GardaWorld had a policy against harassment in effect during the time of Plaintiff's employment. In further response, GardaWorld refers Plaintiff to its Employee Handbook and the policy documents in Plaintiff's personnel file, both of which are produced in response to Plaintiff's Requests for Production.

13.     State whether prior to his termination, Tayvon [sic] Roberts was ever formally or informally disciplined, reprimanded, and/or suspended for any allegation of harassment and/or sexual harassment made against him by any current or former employee during Tayvon [sic] Roberts' tenure with this Defendant, and if so, please state for each allegation the name and job classification of each individual who made any such allegation, the date the allegation was made, the nature of the act or acts involved in the allegation, if criminal charges or civil claims resulted from the allegations, identify the parties to such allegations, the court in which the action was venued, the court file number and the ultimate disposition of the action, the identification and description of any letter, document, memorandum, report or other tangible evidence relating in any manner to Defendant's communications between you and any parties involved in said allegations, and a description of any disciplinary or preventive action taken in response to such allegations.

**Objection:** GardaWorld objects to the compound nature of this interrogatory as it seeks information on separate subject matters, each of which can be deemed a separate interrogatory. GardaWorld further objects to this interrogatory on the grounds the phrase "formally or informally disciplined" is not defined and, thus, the interrogatory is vague, ambiguous, and

susceptible to multiple interpretations. GardaWorld further objects to this interrogatory to the extent it seeks confidential personal and personnel information, the disclosure of which may violate the privacy interests of an individual not a party to this litigation. GardaWorld further objects to the extent the interrogatory seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine.

**Response:** Subject to and without waiving the foregoing objections, GardaWorld states that prior to his termination of employment, Tavon Roberts was not disciplined, reprimanded, and/or suspended based on an allegation of harassment and/or sexual harassment.

14.    State whether this Defendant has in effect a liability insurance policy providing coverage for any of the damages claimed by the Plaintiff in this action, including in your answer the named insured on the policy, the policy number, the name, address, and phone number of the company extending coverage, and the policy limits.

**Response:** GardaWorld refers Plaintiff to the Declarations page, produced in response to Plaintiff's Requests for Production, which is being produced subject to the Stipulated Protective Order entered into by the parties and Ordered by the Court on October 8, 2024.

15.    State whether this Defendant, or this Defendant's agents, attorneys or employees at any time received any medical report, oral or written, x-ray report, hospital records or writings of any kind from any medical practitioners, psychiatrists, psychologists, or hospitals regarding the medical, physical, mental, or emotional condition of Plaintiff Cooper before, during, or after the occurrences which are the subject matter of this litigation, and if so, please state (i) the name

and address of the treating provider(s), clinics, hospitals, or other institutions from which the

information was originally received by this Defendant or their representative.

**Objection:** GardaWorld objects to this interrogatory on the grounds it seeks information

concerning GardaWorld's "employees" generally, without limitation to managerial and/or

supervisory employees. GardaWorld further objects to this interrogatory to the extent it seeks

information protected from disclosure by the attorney-client privilege and/or work product

doctrine.

**Response:** Subject to and without waiving the foregoing objections, GardaWorld states

as follows: No.

16.    Identify each person whom you expect to call as a witness at the trial of this

action, and state the facts to which each such witness is expected to testify.

**Objection:** GardaWorld objects to this interrogatory to the extent it seeks the thought

processes and mental impressions of counsel, the disclosure of which is prohibited. GardaWorld

further objects to this interrogatory on the grounds it is premature.

**Response:** Subject to and without waiving the foregoing objections, GardaWorld states it

has not yet determined whom it expects to call as a witness at the trial of this action and states it

will identify such individuals in accordance with this Court's pretrial requirements and deadlines.

17.    Identify each person whom you expect to call as an expert witness at trial and

state the area of expertise of each such witness, and in addition, state the following: (a) the

subject matter upon which each expert is expected to testify, (b) the substance of the facts and

opinions to which each expert is expected to testify, (c) provide a summary of the grounds for

each expert's opinion, and (d) provide a complete resume of each expert's educational and employment background.

**Objection:** GardaWorld objects to this interrogatory on the grounds it is premature.

**Response:** Subject to and without waiving the foregoing objection, GardaWorld states it has not yet determined whom it will call as an expert witness at trial and further states it will identify any expert witnesses in accordance with this Court's Scheduling Order, and any amendments thereto.

18.    State with specificity the basis for your contention that the Plaintiff was not terminated as set forth in your Answer in paragraphs 2, 3, 4, 5, 7, 38, 41, 44, 45, 47, 49, and 51.

**Objection:** GardaWorld objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, and to the extent it seeks the thought processes and mental impressions of counsel, the disclosure of which is prohibited.

**Response:** Subject to and without waiving the foregoing objections, GardaWorld states Plaintiff walked off post during her shift, thereby abandoning her position. In further response, GardaWorld refers Plaintiff to the documents produced in response to Plaintiff's Requests for Production, including but not limited to GardaWorld's Employee Handbook, email communications regarding Plaintiff abandoning post, and documents within Plaintiff's personnel file.

19.    State whether Plaintiff Cooper had a job description during the time of her employment and, if so, set forth the job description, and if not, please describe the Plaintiff's job duties.

**Objection:** GardaWorld objects to this interrogatory to the extent it seeks confidential and/or proprietary information, and/or information not within the possession, custody or control of GardaWorld.

**Response:** Subject to and without waiving the foregoing objections, GardaWorld refers Plaintiff to its job description for security officers, produced in response to Plaintiff's Requests for Production. In further response, GardaWorld states specific job duties are reflected in post orders, which are the property of BGE and for which GardaWorld does not have possession.

20.     Identify each conversation (in-person, over the phone, via computer (i.e. e-mail) or text messaging) that this Defendant's agents, servants, and/or employees had with Plaintiff Cooper regarding the circumstances surrounding her separation from her employment including the date, time, and place of such conversations, the name and address of all participants, the length of the conversation, and a description of any actions taken by this Defendant as a result of such conversations.

**Objection:** GardaWorld objects to this interrogatory on the grounds it is overly broad and unduly burdensome to the extent it seeks information regarding "each" conversation with Plaintiff regarding her separation of employment. GardaWorld cannot be expected to recall each and every conversation. GardaWorld further objects to this interrogatory on the grounds it is overly broad, unduly burdensome, not relevant and not proportional to the needs of the case to the extent the request for information regarding GardaWorld's "agents, servants, or employees" encompasses thousands of individuals, many of whom are not managerial and/or supervisory. GardaWorld further objects to this interrogatory on the grounds it is not limited in time.

15

**Response:** Subject to and without waiving the foregoing objections, GardaWorld refers Plaintiff to the documents produced in response to Plaintiff's Requests for Production concerning communications with Plaintiff.

21.    Since the Plaintiff's date of hire until the date of her separation from employment, state whether the Plaintiff's salary or job description ever changed, and if so, describe the specific factors that were considered and/or relied upon in determining the change in Plaintiff's salary and/or modification of her job description since the date of her hire, and if this information is contained in documents, identify the documents and produce them for inspection.

**Response:** GardaWorld refers Plaintiff to the compensation documents, produced by GardaWorld in response to Plaintiff's Requests for Production, regarding any changes to Plaintiff's hourly rate during her employment with GardaWorld. The following codes on certain compensation documents reflect the following:

- SO1 => Security Officer 1

- S1 => Supervisor 1

- SO2 => Security Officer 2

22.    Set forth with particularity all facts and circumstances upon which you base each and every one of the separate affirmative defenses set forth in your Answer, stating each one separately, and identify all documents which reflect, reference, or relate to the allegations in the Complaint or the Defendant's employer's defenses, and attach copies of each to the answers to these interrogatories.

**Objection:** GardaWorld objects to the compound nature of this interrogatory, as the interrogatory seeks information concerning 31 separate defenses. Accordingly, this interrogatory, in and of itself, including subparts, exceeds the maximum number of interrogatories permitted by the Federal Rules of Civil Procedure. GardaWorld further objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege and/or work product doctrine. GardaWorld further objects to this interrogatory to the extent it seeks the thought processes and mental impressions of counsel, the disclosure of which is prohibited. GardaWorld further objects to this interrogatory on the grounds it is overly broad and unduly burdensome to the extent it seeks "all" facts and circumstances supporting each defense, as GardaWorld cannot conceivably list "all" facts.

**Response:** Subject to and without waiving the foregoing objections, GardaWorld states as follows:

- Defense 1 – As noted, upon information and belief, Plaintiff and Mr. Roberts were engaged in a consensual sexual relationship. Plaintiff received a copy of GardaWorld's policies, including its policy prohibiting harassment and its complaint procedure. Plaintiff failed to complain during her tenure with GardaWorld to any GardaWorld supervisory or managerial employee about any alleged harassing or discriminatory conduct of Mr. Roberts. Mr. Roberts was not a "supervisor" for purposes of vicarious liability. GardaWorld did not terminate Plaintiff; Plaintiff abandoned her position. Plaintiff received overtime after she claims to have ended her relationship with Mr. Roberts. Plaintiff never complained she believed she was being unfairly denied overtime because of her relationship with Mr. Roberts or because of her sex/gender. GardaWorld and BGE are not joint employers. In further response, GardaWorld refers Plaintiff to its responses

to Plaintiff's Interrogatories, the documents produced in response to Plaintiff's Requests for Production, and the arguments set forth in GardaWorld's Motion to Dismiss Plaintiff's Complaint.

- Defenses 2 & 3 - Plaintiff received a copy of GardaWorld's policies, including its policy prohibiting harassment and its complaint procedure. Plaintiff failed to complain during her tenure with GardaWorld to any GardaWorld supervisory or managerial employee about any alleged harassing or discriminatory conduct of Mr. Roberts. Plaintiff received overtime after she claims to have ended her relationship with Mr. Roberts. Plaintiff never complained she believed she was being unfairly denied overtime because of her relationship with Mr. Roberts or because of her sex/gender. Plaintiff abandoned her position with GardaWorld. In further response, GardaWorld refers Plaintiff to its responses to Plaintiff's Interrogatories, the documents produced in response to Plaintiff's Requests for Production, and the arguments set forth in GardaWorld's Motion to Dismiss Plaintiff's Complaint.

- Defenses 4-6 – Plaintiff failed to timely file an administrative charge as it relates to all claims alleged in her Complaint. Thus, Plaintiff did not receive a notice of right to sue for all claims alleged in her Complaint, and the scope of Plaintiff's Complaint exceeds the scope of her administrative charge. In further response, GardaWorld refers Plaintiff to the documents produced in response to Plaintiff's Requests for Production and the arguments set forth in GardaWorld's Motion to Dismiss Plaintiff's Complaint.

- Defenses 7-13 – GardaWorld refers Plaintiff to its response concerning Defense 1. In further response, GardaWorld refers Plaintiff to its responses to Plaintiff's Interrogatories,

the documents produced in response to Plaintiff's Requests for Production, and the arguments set forth in GardaWorld's Motion to Dismiss Plaintiff's Complaint.

- Defense 14 – GardaWorld refers Plaintiff to its response to Interrogatory No. 4.

- Defense 15 – GardaWorld refers Plaintiff to its response concerning Defense 1.

- Defense 16 – GardaWorld refers Plaintiff to its response concerning Defense 1.

- Defense 17-18 – Plaintiff did not engage in protected activity, as she did not complain during her tenure with GardaWorld to any managerial and/or supervisory employee regarding alleged harassment by Mr. Roberts and/or that she was allegedly being treated differently because of her sex/gender. Thus, GardaWorld had no knowledge of any alleged protected activity. Plaintiff was not denied overtime and was not terminated. Plaintiff abandoned her position with GardaWorld. In further response, GardaWorld refers Plaintiff to its responses to Plaintiff's Interrogatories, the documents produced in response to Plaintiff's Requests for Production, and the arguments set forth in GardaWorld's Motion to Dismiss Plaintiff's Complaint.

- Defenses 19-22 – Plaintiff's sexual relationship with Mr. Roberts was consensual and not unwelcome. Plaintiff's relationship with Mr. Roberts did not alter her work, interfere with her performance, or create an abusive or hostile environment, and did not affect a term or condition of Plaintiff's employment. In further response, GardaWorld refers Plaintiff to its responses to Plaintiff's Interrogatories, the documents produced in response to Plaintiff's Requests for Production, and the arguments set forth in GardaWorld's Motion to Dismiss Plaintiff's Complaint.

- Defenses 23-25 – Contrary to GardaWorld policy, Plaintiff failed to complain during her tenure with GardaWorld to any managerial and/or supervisory employee regarding

alleged harassment by Mr. Roberts and/or that she was allegedly being treated differently because of her sex/gender. Thus, GardaWorld lacked knowledge of the conduct Plaintiff alleges against Mr. Roberts. After Plaintiff's separation of employment, and immediately upon Plaintiff notifying Mr. Engel that she had a sexual relationship with Mr. Roberts, GardaWorld terminated Mr. Roberts. In further response, GardaWorld refers Plaintiff to its responses to Plaintiff's Interrogatories, the documents produced in response to Plaintiff's Requests for Production, and the arguments set forth in GardaWorld's Motion to Dismiss Plaintiff's Complaint.

- Defense 26 – Mr. Roberts did not have authority to hire, fire, promote, demote, or suspend employees. Plaintiff was not terminated and, thus, was not subjected to a tangible employment action.

- Defense 27 – Mr. Roberts' sexual relationship with and alleged harassment and discrimination of Plaintiff was not part of his duties and responsibilities for GardaWorld and was not in GardaWorld's interests.

- Defense 28 – Among other things, Plaintiff was an employee of GardaWorld. GardaWorld hired Plaintiff, set Plaintiff's schedule, and provided Plaintiff with a uniform. GardaWorld paid Plaintiff, and withheld taxes from Plaintiff's pay. GardaWorld maintained a personnel file on Plaintiff. GardaWorld had the authority to discipline Plaintiff. Plaintiff abandoned her job with GardaWorld.

- Defense 29 – GardaWorld refers Plaintiff to its response concerning Defense 1 as to why Plaintiff fails to state a claim and, thus, is not entitled to any relief. The relief requested in Plaintiff's Complaint is beyond that authorized by the applicable statutes.

- Defense 30 – Discovery and investigation are ongoing and, thus, GardaWorld cannot provide additional factual information at this time.

- Defense 31 – This is a reservation of GardaWorld's rights.

23.    If you contend that the alleged actions of Tayvon [sic] Roberts were not malicious, reckless, or indifferent to the rights of Plaintiff Yvette Cooper, set forth with particularity all facts and circumstances upon which you base such contention.

**Objection:** GardaWorld objects to this interrogatory on the grounds it is vague and ambiguous as it does not identify the alleged action of Mr. Roberts to which it refers. GardaWorld further objects to this interrogatory to the extent it is or seeks a legal conclusion. GardaWorld further objects to this interrogatory to the extent it seeks the mental impressions and thought processes of counsel, the disclosure of which is prohibited. GardaWorld further objects to this interrogatory on the grounds it is premature, as discovery is ongoing. GardaWorld has not received Plaintiff's discovery responses and no depositions have occurred. GardaWorld further objects on the grounds Plaintiff's factual allegations fail to state a claim for punitive damages. GardaWorld further objects to this interrogatory on the grounds Plaintiff has exceeded the maximum number of interrogatories, including subparts, permitted by the Federal Rules of Civil Procedure.

**Response:** Subject to and without waiving the foregoing objections, GardaWorld states, upon information and belief and based on the information known and discovered to date, Plaintiff's sexual relationship with Tavon Roberts was consensual as reflected by, among other things, Plaintiff's text messages with Mr. Roberts, including the reason reflected therein as to why Plaintiff sought to end her consensual relationship with Mr. Roberts, and the fact Plaintiff

never complained during her tenure to any supervisory or managerial employee of GardaWorld regarding Mr. Roberts' alleged conduct towards Plaintiff.  GardaWorld further states that contrary to Plaintiff's allegations, Plaintiff was not denied overtime; rather, Plaintiff received overtime after she claims to have ended her sexual relationship with Mr. Roberts, as reflected by the documents produced by GardaWorld in response to Plaintiff's Requests for Production. GardaWorld further states it did not terminate Plaintiff's employment. To the contrary, Plaintiff abandoned her post, thereby voluntarily abandoning her position with GardaWorld.

24.     State with specificity the value of all assets, liabilities, shareholder's equity, stockholder's equity, revenues, expenses, gains, losses, and comprehensive income for all fiscal years since the date of Plaintiff's separation from employment with this Defendant.

**Objection:** GardaWorld objects to this request on the grounds it is premature, as there has been no liability finding in this matter and no award of damages to Plaintiff. GardaWorld further objects on the grounds Plaintiff's factual allegations fail to state a claim for punitive damages. GardaWorld further objects as there is no evidence regarding any alleged inability of GardaWorld to pay a potential damages award to Plaintiff, assuming Plaintiff establishes liability. GardaWorld further objects to this interrogatory on the grounds Plaintiff has exceeded the maximum number of interrogatories, including subparts, permitted by the Federal Rules of Civil Procedure.

**VERIFICATION**

Katie Brinker declares and states that:

I am employed as Regional Director of Human Resources – East at GardaWorld Security Services Management Company, Inc. I have read the foregoing and know the contents thereof; said responses were prepared with the assistance and advice of counsel upon whose advice I have relied; the responses set forth herein, subject to inadvertent or undisclosed errors, are based on and therefore necessarily limited by the records and information still in existence and reasonably available, presently recollected and thus far discovered in the course of the preparation of these responses; that consequently I reserve the right to make any changes in the responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available; that subject to the limitations set forth herein the said responses are true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 31st day of October, 2024, in _Campbell County, Kentucky.


_Katie Brinker_ _____
Katie Brinker
Regional Director of Human Resources - East
GardaWorld Security Services Management
Company, Inc.

Respectfully submitted as to the objections,

  /s/ Anessa Abrams
Anessa Abrams (Md. Bar No. 012581)
aabrams@fordharrison.com
FordHarrison LLP
2000 M Street, N.W., Suite 505
Washington, DC 20036
(202) 719-2000
(202) 719-2077 FAX
*Counsel for Defendant Whelan Security*
*Mid-Atlantic LLC d/b/a GardaWorld Security*
*Services d/b/a GardaWorld*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of November, 2024, I caused a true and correct copy of the foregoing to be served electronically on the following:

Donald R. Huskey
Law Office of Donald R. Huskey LLC
9419 Lyonswood Drive
Owings Mills, MD 21117
dr.huskey@gmail.com
*Counsel for Plaintiff*

Governor Jackson, III
Law Office of Governor Jackson, III, LLC
400 E. Joppa Road, Suite 50
Towson, MD 21286
gjackson@governorjacksonlaw.com_
*Counsel for Plaintiff*

Lindsey A. White
Justin T. Liberatore
Jackson Lewis PC
2800 Quarry Lake Drive, Suite 200
Baltimore, MD 21209
lindsey.white@jacksonlewis.com
justin.liberatore@jacksonlewis.com
*Counsel for Defendant Baltimore Gas and*
*Electric Company*

/s/ Anessa Abrams
Anessa Abrams

WSACTIVELLP:113729913.1