## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **YVETTE COOPER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BALTIMORE GAS and ELECTRIC COMPANY,** *et al.*<br><br>**Defendants.** | **Case No. 1:23-CV-03116-JRR** |

**BGE'S MOTION FOR ORDER TO SHOW CAUSE AS TO WHY CHANGE HEALTH SYSTEMS SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH SUBPOENA *DUCES TECUM***

Defendant, Baltimore Gas and Electric Company ("BGE"), by and through its undersigned counsel, files this Motion for Order to Show Cause as to why Change Health Systems, Inc. should not be held in contempt for failure to comply with BGE's subpoena *duces tecum* ("Subpoena") and states as follows:

1.  Plaintiff Yvette Cooper ("Plaintiff") has alleged sexual harassment, gender discrimination, and retaliation by Plaintiff's former employer, Defendant GardaWorld, and her alleged joint employer, BGE. *See generally*, Compl.

2.  As the result of this alleged sexual harassment and other acts by Captain Tavon Roberts, a former employee of Defendant GardaWorld (and allegedly BGE) and the site supervisor at the location to which Plaintiff was assigned, Plaintiff alleges that she has manifested physical symptoms of emotional distress, crying, weight loss, loss of self-esteem, worthlessness, and the exacerbation of pre-existing mental health conditions, including General Anxiety Disorder and Post-Traumatic Stress Disorder. *See id*. ¶2.

3.      During discovery in this matter, Plaintiff has disclosed various medical providers, including, but not limited to, Change Health Systems, Inc. ("Change Health").  Plaintiff identified Change Health as a medical provider where she sought mental health treatment. As such, the medical records in the custody and control of Change Health are relevant and material to the allegations in this case.

4.      Given the materiality of these records, BGE properly served the records custodian of Change Health with a Subpoena on October 10, 2024, via email, personal process server, and certified mail. A copy of the process server return of service and email transmission to Change Health is attached hereto as **Exhibit 1 (Return of Service)** and **Exhibit 2 (Email Transmission)**.

5.      The Subpoena requested that Change Health appear and produce records from January 1, 2016 through the present at 2800 Quarry Lake Drive, Suite 200, Baltimore, MD 21209, on November 15, 2024. *See* **Exhibit 3 (Subpoena *Duces Tecum*)**. In lieu of production, Change Health could electronically produce the requested records. *See id*.

6.      Change Health failed to produce the documents identified in the Subpoena by November 15, 2024.

7.      Undersigned counsel made approximately two phone calls to Change Health after November 15, 2024. Both went to voicemail. However, one of the calls was returned by an individual purporting to represent Change Health, whose name was Ian (last name unknown). This Change Health employee informed the undersigned that they would not produce the entire file, as requested in the Subpoena, as it was against Change Health's policy. Change Health was informed that this policy does not apply to duly issued subpoenas from a United States District Court.

8.      Given Change Health's unreasonable and unsupported actions and in an attempt to obtain the subpoenaed records without involving this Court, the undersigned counsel requested

and was given a release of records for Change Health executed by Plaintiff. This executed release was transmitted via email to Change Health on December 9, 2024. A copy of the email transmission and the release has been attached hereto as **Exhibit 4**.

9.      On December 12, 2024, after receiving no response from Change Health, the undersigned followed up with a separate email requesting that the subpoenaed (and released) documents be delivered immediately. A copy of this email has been attached hereto as **Exhibit 5**.

10.     On December 13, 2024, Change Health faxed 22 pages to the undersigned, 20 of which constituted medical records (the remaining two pages were a fax cover page and a bill for $35.00). These records are not the entirety of Plaintiff's medical file, as requested in the Subpoena, and only contained treatment summaries.

11.     Undersigned is aware of, and Plaintiff has produced in her initial disclosure (albeit incomplete), additional provider notes from Change Health that were not provided in response to the Subpoena. Despite the existence of these documents, Change Health did not include any of these documents in response to undersigned's Subpoena.

12.     Given Change Health's clearly incomplete production, the undersigned sent one further communication to Change Health on December 13, 2024, demanding the full and complete production of medical records covered by both the subpoena duces tecum and the medical release signed by the Plaintiff. A copy of this email has been attached hereto as **Exhibit 6**.

13.     As of the date of this Motion, undersigned has received no further response from Change Health, and no supplementary production has occurred.

14.     Fed. R. Civ. P. 45(g) states, in pertinent part, as follows:

**(g) Contempt.**
The court for the district court where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who,

having been served, fails without adequate excuse to obey the subpoena or an order related to it.

In following the dictates of Rule 45, the Fourth Circuit has affirmed that district courts are empowered to hold non-parties who fail to obey a subpoena in contempt of court. *Dunkin' Donuts, Inc. v. Three Rivers Entm't & Travel*, 42 Fed. Appx. 573, 574 (4th Cir. 2002). Absent a timely motion to quash or modify or an assertion of privilege, the Court may exercise its discretion and direct a non-party to appear before the Court to provide adequate excuse for his failure to comply with the subpoena. *Cole v. Family Dollar, Inc.*, Civil Action No. PX 17-00393, 2017 U.S. Dist. LEXIS 150688 (D. Md. Sep. 18, 2017) (citing *Dunkin' Donuts, Inc.* at 575).

15.     In this case, Change Health has only made a paltry and verifiably incomplete production in response to the undersigned's Subpoena despite Rule 45's explicit requirements. Moreover, the undersigned engaged in a two-month-long process in an effort to obtain Change Health's compliance with the duly issued Subpoena and Plaintiff's release of records to no avail. Change Health has refused to deviate from its legally irrelevant "policy" and instead acted in contravention of its obligations under the law and Rule 45.

16.     Given Change Health's disregard of its legal obligations and considering that the undersigned's multiple good faith attempts to elicit compliance with its Subpoena have gone unanswered, this Court's intervention is required.

### **CONCLUSION**

For the foregoing reasons, BGE respectfully requests that the Court enter an order to show cause as to why non-party Change Health should not be held in contempt for failing to comply with the Subpoena, compel Change Health to produce all responsive documents within two (2) days of the entry of an Order, and compel Change Health to pay BGE's costs in pursing and enforcing the Subpoena, including, but not limited to, the costs of this motion.

## <u>CERTIFICATE OF CONFERRAL UNDER RULE 37</u>

The undersigned has made a good faith effort to resolve the issues identified in the instant Motion without court intervention by conferring via phone with Change Health after November 15, 2024 and with Change Health via email on December 9, December 12, and December 13, 2024; in which the undersigned requested that documents be provided in accordance with their duly issued subpoena *duces tecum*. However, Change Health has only produced some, but not all, of the records that BGE is aware exists, and the issues described herein remain unresolved.

Dated:  January 24, 2025

Respectfully submitted,

By:         /s/
Lindsey A. White (Bar No. 29183)
Justin T. Liberatore (Bar No. 30277)
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland 21209
Tel: (410) 415-2000
lindsey.white@jacksonlewis.com
justin.liberatore@jacksonlewis.com

*Attorneys for Defendant Baltimore Gas and Electric Company*

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2025, the attached was served via electronic mail to the

individuals entitled to service. The attached was also served via Certified Mail upon the following,

and was thereby served upon:

> Donald R. Huskey
> Law Office of Donald R. Huskey LLC
> 9419 Lyonswood Drive
> Owings Mills, Maryland 21117
> dr.huskey@gmail.com
>
> Governor Jackson, III
> Law Office of Governor Jackson, III, LLC
> 400 E. Joppa Road, Suite 50
> Towson, Maryland 21286
> gjackson@governorjacksonlaw.com
>
> *Attorneys for Plaintiff*
>
> Anessa Abrams
> FordHarrison LLP
> 2000 M Street, N.W., Suite 500
> Washington, D.C. 20036
> aabrams@fordharrison.com
>
> *Attorneys for Defendant Whelan Security*
> *Mid-Atlantic LLC d/b/a GardaWorld*
> *Security Services d/b/a GardaWorld*

The attached was also served via U.S. first class mail and certified mail, restricted delivery,

return receipt requested, upon the following, and was thereby served upon:

> Change Health Systems, Inc.
> c/o Custodian of Records
> 2401 Liberty Heights Ave., Suite 4670
> Baltimore, MD 21215

                                             /s/
                                      Lindsey A. White

4935-3950-0050, v. 3