IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **YVETTE COOPER,** | * | |
| *Plaintiff,* | * | |
| v. | * | Civil Case No: 1:23-cv-03116-JRR |
| **BALTIMORE GAS AND ELECTRIC COMPANY,** *et al.,* | * | |
| | * | |
| *Defendants.* | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## SUMMARY OPINION AND ORDER REGARDING BOTH PARTIES' RESPECTIVE MOTIONS TO COMPEL (ECF NOS. 53 AND 59)

This sexual harassment and discrimination case was referred to the undersigned on January 8, 2025 by U.S. District Judge Julie Rubin for discovery and related scheduling. (ECF No. 56). Before the Court are Defendants' Motion to Compel (ECF No. 53) and Plaintiff's Motion to Compel (ECF No. 59). Both motions are fully ripe. The Court held a hearing on both motions on February 4, 2025. As discussed in more detail at the hearing and summarized below, both motions are GRANTED in part and DENIED in part.

In Defendants' motion, they seek a forensic examination of Plaintiff's cell phone (and SIM card) and a search of her physical and cloud storage to look for communications between Plaintiff and her alleged harasser (Mr. Roberts), as well as other current or former employees about the events at issue during the relevant time period to include text messages, Facebook Instant Messenger communications, and email. As the Court noted at the hearing, text messages and other communications play a prominent role in Plaintiff's complaint. Plaintiff does not take issue with

a forensic examination of her cell phone and SIM card, nor her Apple iCloud account to look for responsive information. Plaintiff, however, wants Defendants to share in that cost.[1]

There being no real dispute about the relevance of the information sought, the Court will order a forensic exam of Plaintiff's cell phone and SIM card for responsive information. As Plaintiff's counsel did not have an expert in mind, the Court asked Defense counsel for suggestions, receiving the name of James Vaughn at iDiscovery solutions. That suggestion is acceptable to Plaintiff.[2] As for cost, "the presumption is that the responding party…must bear the expense of complying with discovery requests." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358 (1978). The Court sees no reason to depart from that practice.

Likewise, the parties agree that a forensic examination of Plaintiff's iCloud account is called for, as such communications may have been backed up to that account. Until now, Plaintiff has been unable to access her iCloud account because she cannot remember her credentials. Recently, she was informed by Apple that she can reset her credentials at the Apple store in Towson, Maryland. Plaintiff is ordered to do so by February 14, 2025. Because Mr. Vaughn (or his agreed substitute) will already be doing the examination of the cell phone and SIM card, the parties agreed that he could do the examination of Plaintiff's iCloud account as well.

Accordingly, by February 14, 2025, Plaintiff is to retain Mr. Vaughn and forward Plaintiff's cell phone and SIM card and iCloud credentials to him. The parties should agree on a search protocol to include screening any privileged information, the relevant date range and scope to recover the relevant communications between Plaintiff and Mr. Roberts, or any other current or

---

[1] Plaintiff's counsel verified at the hearing that there are no responsive email messages, nor does she have any physical storage devices (such as hard drives, thumb drives, etc.) other than the cell phone and SIM card at issue.
[2] In the event that Mr. Vaughn is unable to fulfill that role in a timely fashion, the parties should agree on a substitute expert with the requisite credentials to perform the forensic examination.

former employee of either Defendant regarding the events at issue and forward the same to Mr. Vaughn. To the extent responsive information is produced, Defendants may re-open the deposition of Plaintiff to explore same.[3] Finally, Plaintiff shall provide her authorization to allow T-Mobile (her cell carrier) to produce information in response to Defendants' subpoena to T-Mobile by February 14, 2025. Although T-Mobile does not maintain text messages, it reportedly does maintain a log of the date, time and telephone number of incoming and outgoing text messages which, in turn, would be a good cross check on whether all responsive messages between the relevant parties during the relevant time period have been recovered and produced.

The Court will deny without prejudice any request for remedies or sanctions due to alleged spoliation of evidence because an analysis of that issue necessarily requires some insight into the extent to which any missing data can be recovered. *See* Fed. R. Civ. P. 37(e).

As for Plaintiff's Motion to Compel, Plaintiff seeks a similar forensic examination of Mr. Roberts' work phone, currently in the possession of Defense counsel. Defendants argue that Plaintiff testified at deposition that she did not communicate with Mr. Roberts on his work phone. That said, memories can be imprecise, and the Court will order the forensic examination of the telephone. The Defendants agreed to the Court's suggestion that they also use Mr. Vaughn for this examination, since he will be familiar with the search protocol already. The phone should be delivered to Mr. Vaughn by February 14, 2025. Defendants will pay the associated cost.

Plaintiff also seeks production of any other communications such as email, etc. Defendants verified that all potential repositories have been searched and any responsive data already produced.

---

[3] Defendants are also waiting on medical records for Plaintiff. Any new records may also be explored at Ms. Cooper's re-opened deposition.

As with Defendants' spoliation arguments, Plaintiff's spoliation arguments and requested remedies are denied without prejudice pending the results of the forensic examination.

Defendants also raised the issue of extending their expert deadline to allow for the forensic examination to take place, along with any associated re-opening of Plaintiff's deposition. Plaintiff did not oppose. Accordingly, Plaintiff's expert deadline is extended from the current deadline of February 21, 2025 until 45 days after Plaintiff's re-opened deposition is concluded. All other deadlines are correspondingly extended as follows, although the discovery extension is limited to issues stemming from new information based on the above, and expert discovery:

- Plaintiff's rebuttal Rule 26(a)(2) disclosures are due 14 days after Defendants' expert reports
- Rule 26(e)(2) supplementation of disclosures and responses are due 7 days after Plaintiff's rebuttal disclosures
- Discovery deadline and joint status report to be submitted 60 days after Rule 26(e) supplementation
- Requests for admission are due 7 days after the discovery deadline
- Dispositive pretrial motions to be filed 45 days after the requests for admission deadline

IT IS SO ORDERED.

Dated: February 5, 2025

/s/
J. Mark Coulson
United States Magistrate Judge