**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>J. Mark Coulson<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>P: (410) 962-4953 \| F: (410) 962-2985<br>mdd_jmcchambers@mdd.uscourts.gov |

April 4, 2025

LETTER ORDER AND OPINION TO COUNSEL

RE:   *Cooper v. Baltimore Gas and Electric Company, et al.*
       Civil No. 1:23-cv-03116-JRR

Dear Counsel:

      Plaintiff has filed a multi-count Complaint against Defendants that centers around the allegation that former GardaWorld Captain Tavon Roberts sexually harassed her, in large part relying on text messages in support of her allegations. (ECF No. 8). Defendants assert the alleged relationship between Ms. Cooper and Mr. Roberts was consensual, and contend that a full accounting of their text messages will prove this. (ECF No. 53-1 at 2)

      As it relates to the text messages, Plaintiff did not produce any text messages in native format between herself and Mr. Roberts as requested by Defendants in discovery. *Id.* at 4. As reflected by the screenshots of the portions of text messages produced by Plaintiff, many of the communications are cut-off. In addition, embedded images and videos (which cannot be accessed via screenshots) are inaccessible. *Id.* As further reflected by the screenshots, some do not reflect a date, thereby rendering it impossible to ascertain complete, chronological conversations. *Id.* Moreover, there are significant gaps between the dates of messages. *Id.* These deficiencies ultimately led Defendants to file a Motion to Compel.

      It is notable that Plaintiff originally indicated that she no longer had the cell phone at issue because she had traded it in for a new phone. *Id.* at 6-7. In response to Defendants' Motion to Compel however, Plaintiff indicated that she had recovered the cell phone at issue from a repair shop she had taken it to because it had been damaged. *Id.* at 8. This Court ultimately ordered—without objection from Plaintiff—the forensic inspection of the recovered phone, at Plaintiff's expense, by Defendants' retained forensic expert. (ECF No. 72 at 2).

      The Court has recently been informed that the phone cannot be examined because Plaintiff can no longer remember her password, and any attempt to reset her password will destroy the data on the phone. (ECF No. 75). This was verified by personnel at a local Apple Store according to Plaintiff. *Id.* Further, Defendants' forensic examiner is unaware of a mechanism to unlock Plaintiff's phone with any certainty, short of perhaps Apple having a work-around in-house that it has not disseminated to its retail stores. *Id.* This lack of password also apparently thwarts a complete restoration of phone's data from her iCloud account. *Id.*

1

In light of the above, Plaintiff has now requested that the Court order Apple, Inc. to unlock the phone notwithstanding the lack of password.  *Id.*  Defendant does not oppose the request, but does ask that the case be stayed in the interim as there is no firm timeline for when (or if) Apple can unlock the phone while preserving its data.  (ECF No. 76).

The Court declines Plaintiff's request for a number of reasons.  First, Plaintiff has not pointed the Court to any authority or mechanism in a civil case where it could compel a non-party to perform work it otherwise has no obligation to perform.  Even in a criminal case, the Government's ability to compel such activity is problematic.  *See, e.g., In re Apple, Inc.*, 149 F. Supp. 3d 341 (E.D.N.Y. 2016).  Second, although Rule 45 of the Federal Rules of Civil Procedure, under appropriate circumstances, allows a party to issue a subpoena for a third party to be deposed or to produce documents, that power does not extend to requiring a third party to perform other tasks.  Finally, even under the two circumstances that come within Rule 45—depositions and document productions—there are restrictions on the time, place and circumstances of those limited obligations, and the third-party has the ability to seek protection from a subpoena based on burden, scope, privilege, etc.

Additionally, the Court notes that, based on Apple's Legal Process Guidelines published online, Apple is unable to extract data from passcode locked devices which run on certain operating systems:

> For all devices running iOS 8.0 and later versions, Apple is unable to perform an iOS device data extraction as the data typically sought by law enforcement is encrypted, and Apple does not possess the encryption key. **All iPhone 6 and later device models are manufactured running iOS 8.0 or a later version of iOS.**
>
> For devices running iOS 4 through iOS 7, Apple may, depending on the status of the device, perform iOS data extractions, pursuant to California's Electronic Communications Privacy Act (CalECPA, California Penal Code sections 1546-1546.4). In order for Apple to perform an iOS data extraction for a device that meets these criteria, law enforcement should obtain a search warrant issued upon a showing of probable cause under CalECPA. Apart from CalECPA, Apple has not identified any established legal authority which requires Apple to extract data as a third-party in a law enforcement investigation.

Apple, Inc., *Legal Process Guidelines*, https://www.apple.com/legal/privacy/law-enforcement-guidelines-us.pdf (last visited Apr. 3, 2025) (emphasis added). Depending on the model of Plaintiff's phone, Apple may not be able extract the data in any case.

This, of course, raises practical issues for the case.  The complete catalog of relevant messages is now unavailable.  Plaintiff is, of course, free to try to convince Apple to assist her voluntarily in unlocking the phone by, for example, contacting Apple's legal department although as noted above, Apple may not have the ability to do so.  Should Plaintiff wish pursue this route, the Court would entertain a brief extension of discovery to accomplish that.

But failing that, should the full catalog of messages remain unavailable,[1] the responsibility for, and consequences of that unavailability awaits further briefing by the parties absent some other technologic solution or agreement between the parties as to the use, if any, of the screen-shot text messages at trial. The Court recognizes that Plaintiff has her own arguments as to whether the re-issuance of Mr. Roberts' telephone to another employee raises Rule 37 issues as well. (ECF No. 78). Should the parties wish to pursue those issues, whether through possible Rule 37 sanctions or otherwise, the Court will consider their arguments when fully briefed.

In the meantime, the Court will not stay the case, and the parties should proceed with whatever other discovery remains. Should a short extension be necessary, the parties should confer in an attempt to reach agreement, preferably submitting a joint motion to the Court. In the absence of agreement, the parties should state their positions on an extension in a letter to the Court, docketed on CM-ECF in accordance with the Court's previous Memorandum to the Parties regarding information discovery dispute procedures. (ECF No. 58).

Notwithstanding its informal nature, this letter constitutes an order of the Court and should be docketed as such.

Dated: April 4, 2025

Sincerely yours,

/s/

J. Mark Coulson
United States Magistrate Judge

---

[1] It is unclear from the parties' communications with the Court whether any of the text messages have been located in that portion of Plaintiff's iCloud account that can be accessed.