UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
P: (410) 962-4953 | F: (410) 962-2985
mdd_jmcchambers@mdd.uscourts.gov

April 9, 2025

LETTER ORDER AND OPINION TO COUNSEL

RE:   *Cooper v. Baltimore Gas and Electric Company, et al.*
      Civil No. 1:23-cv-03116-JRR

Dear Counsel:

On April 5, 2025, pursuant to the Court's informal discovery dispute procedure, the parties jointly alerted the Court to a discovery dispute concerning a request by Plaintiff to obtain from Defendant GardaWorld the mouth swabs used to conduct her August 2022 drug tests[1] wherein she was tested for marijuana. (ECF No. 79). The parties then followed up with their individual position statements. (ECF Nos. 80 and 81).[2]

GardaWorld disputes that the mouth swabs in question were asked for in a formal request for production, although it did receive an email in mid-March from Plaintiff's counsel making the request. (ECF No. 80 at 3). In any event, GardaWorld indicates that it no longer possesses the actual mouth swabs used in the August 2022 drug tests, although the precise date of their disposal is not clear. *Id.* at 2.

GardaWorld points to the deposition testimony of various witnesses who explained that the August 2022 drug tests were both inconclusive. *Id.* Additionally, GardaWorld argues from that deposition testimony that Plaintiff was not terminated based on these inconclusive tests but, rather, walked off the job before any decision was made as to what action, if any, would follow from the tests. *Id.* Finally, GardaWorld maintains that Plaintiff's own deposition testimony confirms that she routinely smoked marijuana after her shifts ended during the time she worked at GardaWorld, in violation of GardaWorld's employee handbook, undermining any assertion that somehow Plaintiff was falsely accused of using marijuana. *Id.* at 1.

By contrast, Plaintiff now contends that she was fired because of the August 2022 test results, that the swabs were retained for "weeks," and that the drug testing was performed in violation of Maryland law. (ECF No. 81 at 1). Plaintiff argues for spoliation sanctions against GardaWorld for failing to preserve evidence, and seeks further sanctions based on alleged statutory violations concerning GardaWorld's workplace drug testing practices. *Id.* at 1-2.

---

[1] Apparently, Plaintiff was administered two tests at the time, both of which were inconclusive.
[2] BGE joined in GardaWorld's position letter. (ECF No. 80 at 3).

1

At present, there is no discovery dispute before the Court. Plaintiff has requested the swabs (albeit informally) within the discovery period, but GardaWorld cannot produce what it does not possess. The issue of whether that lack of retention supports any kind of a spoliation sanction is not currently before the Court. Based on the record currently before it (which admittedly is somewhat limited), the Court suggests that a request for such sanctions would seem to face serious headwinds. Nonetheless, it ultimately remains Plaintiff's decision as to whether she will file a formal spoliation motion.

The issue of whether GardaWorld's drug testing protocol violates statute or supports some other relief such as an injunction as argued by Plaintiff, is not currently part of the case, but in any event, would be outside the scope of Judge Rubin's referral to the undersigned.

Notwithstanding its informal nature, this letter constitutes an order of the Court and should be docketed as such.

Dated: April 9, 2025

Sincerely yours,

/s/

J. Mark Coulson
United States Magistrate Judge