|  |  |
|---|---|
| **YVETTE COOPER,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 1:23-CV-03116** |
| **BALTIMORE GAS & ELECTRIC COMPANY,** *ET AL.* | |
| **Defendants.** | |

## DEFENDANT BALTIMORE GAS AND ELECTRIC COMPANY AND DEFENDANT WHELAN SECURITY MID-ATLANTIC'S MOTION TO STAY

Defendant, Baltimore Gas and Electric Company, ("BGE") and Defendant Whelan Security Mid-Atlantic LLC, d/b/a/ GardaWorld Security Services d/b/a GardaWorld (hereafter "GardaWorld") (collectively "Defendants"), by and through undersigned counsel, respectfully request that all remaining fact and expert discovery, and all subsequent deadlines, be stayed in this case pending the resolution of the outstanding motions for sanctions filed by Plaintiff Yvette Cooper ("Plaintiff") and Defendants (the "Motion"). Counsel for Plaintiff indicated they intend to oppose the Motion and do not consent to a stay. In support of Defendants' Motion, Defendants state as follows:

Plaintiff submitted a Motion for Sanctions on April 17, 2025, concerning the alleged spoliation of evidence related to the mouth swab(s) utilized to test Plaintiff for marijuana consumption (hereinafter referred to as the "Drug Test Motion"). *See* ECF No. 86. The Drug Test Motion seeks summary judgment in favor of Plaintiff, or alternatively, an adverse inference against GardaWorld. *See id*. On April 22, 2025, Defendants filed a Motion for Sanctions concerning the spoliation of Plaintiff's text messages and electronic communications due to her failure to preserve

1

said information (hereinafter referred to as "Defendants' Text Message Motion"). *See* ECF No. 87. The Defendants' Text Message Motion seeks the dismissal of Plaintiff's claims in light of the spoliation of Plaintiff's communications with Tavon Roberts, which are essential and pivotal to Plaintiff's claims. *See id.* On April 23, 2025, Plaintiff filed an additional Motion for Sanctions regarding the alleged spoliation of the cellphone issued by GardaWorld to Plaintiff's former supervisor, Tavon Roberts (hereinafter referred to as "Plaintiff's Cell Phone Motion"). *See* ECF No. 88. Plaintiff's Cell Phone Motion similarly requests summary judgment in favor of Plaintiff or, in the alternative, an adverse inference against GardaWorld. *See id.* Accordingly, there are three motions, all seeking the complete disposition of this matter, presently before this Court.

The parties have engaged in extensive discovery. Fact discovery currently closes on May 19, 2025, with the exception of Defendants' right to reopen Plaintiff's deposition concerning the production of any additional medical records for Plaintiff and the forensic examination of Plaintiff's cell phone and iCloud account. *See* ECF No. 72. Plaintiff has identified, and provided reports from, three experts. Defendants have engaged several experts, but the deadline for Defendants' expert reports, as well as the deadline to depose experts, was extended pending the outcome of the forensic examination of Plaintiff's cell phone and iCloud account. *See id.*[1]

Considering the pending dispositive motions, a stay of discovery is appropriate. The stay of discovery largely pertains to expert discovery. With the exception of Plaintiff's expert Kevin Clark, all of the experts are opining on damages—both economic and compensatory damages, and Plaintiff's mitigation efforts, which is not even relevant to the merits of this case or a summary judgment motion.

---

[1] A hearing is currently scheduled for June 5, 2025, regarding Tavon Roberts' failure to appear for deposition.

Motions to stay discovery are considered pursuant to Federal Rule of Civil Procedure 26(c). *Wymes v. Lustbader*, No. WDQ-10-1629, 2012 U.S. Dist. LEXIS 68490, 2012 WL 1819836, at *3 (D. Md. May 16, 2012). Rule 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; [or] (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery."

In order to establish good cause to stay discovery, the moving party "must present a 'particular and specific demonstration of fact' as to why a protective order [staying discovery] should issue." *Wymes*, 2012 U.S. Dist. LEXIS 68490, 2012 WL 1819836, at *3 (quoting *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006)). A stay of discovery is appropriate when "the interest of justice and considerations of prejudice and undue burden to the parties require a protective order and that the benefits of a stay outweigh the cost of delay." *Id.* (citations omitted). The Court has "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Id.* (quoting *Furlow v. United States*, 55 F. Supp. 2d 360, 366 (D. Md. 1999)). Courts commonly stay discovery pending resolution of dispositive motions, and such stays can be "an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Id.* at 4 (quoting *Natanzon*, 240 F.R.D. at 202)); *see also Thigpen v. United States*, 800 F.2d 393, 396-97 (4th Cir. 1986).

"Entry of order staying discovery pending determination of dispositive motions is appropriate exercise of court's discretion." *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.,* 201 F.R.D. 1, 2001 U.S. Dist. LEXIS 6672 (D.D.C. 2001). "[I]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly

3

dispositive of the claims in the Complaint is pending." *Id; see also Young v. Pharmacia & Upjohn Co.*, Civil Action No. DKC 97-2523, 1998 U.S. Dist. LEXIS 22196 (D. Md. May 13, 1998) (Court granted stay of discovery until the motion for summary judgment was resolved. In fact, the Court pointed out that the Defendant should have sought the stay sooner). "When considering a stay of discovery pending the outcome of a dispositive motion, courts may consider: the potential for the dispositive motion to terminate all claims in the case or all claims against a particular party; the merits of the dispositive motion; and the irrelevancy of the discovery to the dispositive motion." *Oce N. Am., Inc. v. MCS Servs.*, No. WMN-10-984, 2011 U.S. Dist. LEXIS 162889, at *2-3 (D. Md. Mar. 1, 2011).

Here, there are competing dispositive motions. Plaintiff's motions seek a complete dismissal of this case in her favor.[2] Conversely, if Defendants' Text Message Motion is granted, Plaintiff's failure to sufficiently preserve her numerous text messages and other communications exchanged with Tavon Roberts, which are critical to her allegations and pivotal in determining whether the sexual relationship between Plaintiff and Mr. Roberts was consensual, would entitle Defendants to the dismissal of Plaintiff's claims.

Regarding Defendants' Text Message Motion, Plaintiff was represented by counsel during the period in which she spoliated her text messages. Despite numerous attempts, she has been entirely unable to access her phone. Therefore, Defendants' Text Message Motion possesses merit. A stay would alleviate fees, further expert witness costs, and the burden for all parties while the Court considers the pending potentially dispositive motions. *See Oce N. Am., Inc* No. WMN-10-984, 2011 U.S. Dist. LEXIS 162889, at *2-3.

---

[2] Defendants vehemently dispute that any sanction, let alone dismissal, is warranted, but these arguments are addressed in the appropriate Oppositions.

Based on the foregoing, Defendants respectfully request this Court enter an Order staying this case until the resolution of the three aforementioned Motions for Sanctions.

WHEREFORE, Defendants Baltimore Gas and Electric Company and Whelan Security Mid-Atlantic LLC, d/b/a/ GardaWorld Security Services d/b/a GardaWorld hereby request this Court enter an Order staying this litigation until the resolution of the Motions for Sanctions (ECF Nos. 86-88), and for any other relief that this Court deems just, proper, and equitable under the circumstances.

Dated: May 2, 2025

/s/ Lindsey A. White
Lindsey A. White (Bar No. 29183)
Justin T. Liberatore (Bar No. 30277)
JACKSON LEWIS, P.C.
2800 Quarry Lake Dr., Suite 200
Baltimore, MD 21209
Lindsey.White@jacksonlewis.com
Justin.Liberatore@jacksonlewis.com

*Counsel for Defendant*
*Baltimore Gas and Electric Company*

Respectfully submitted,

/s/ Anessa Abrams
Anessa Abrams (Bar No. 12581)
FORDHARRISON LLP
2000 M St., NW, Suite 505
Washington, DC 20036
aabrams@fordharrsison.com

*Counsel for Defendant*
*Whelan Security Mid-Atlantic LLC*
*d/b/a/ GardaWorld Security Services*
*d/b/a GardaWorld*

## CERTIFICATE OF SERVICE

I certify that on this May 2, 2025, I electronically filed the foregoing Motion using the Court's CM/ECF system. I certify that all counsel of record in this case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/ Justin T. Liberatore
Justin T. Liberatore