IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **YVETTE COOPER,** | * | |
| *Plaintiff,* | * | |
| v. | * | Civil Case No: 1:23-cv-03116-JRR |
| **BALTIMORE GAS AND ELECTRIC COMPANY,** *et al.,* | * | |
| | * | |
| *Defendants.* | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER REGARDING DEFENDANTS' MOTION TO STAY DISCOVERY

Currently before the Court is Defendants' Motion to Stay in which Defendants seek to stay discovery in the case pending the Court's resolution of the parties' dueling Motions for Sanctions, given that the Court's ruling on those motions may be dispositive as to some or all claims. (ECF No. 96). Defendants point in particular to the costs attendant to any expert discovery. *Id.* Plaintiff opposes the stay primarily based on the anticipated June 6, 2025 contempt hearing before Judge Rubin regarding Defendants' former employee (and Plaintiff's alleged harasser) Tavon Roberts based on Mr. Roberts' failure to attend his scheduled deposition, and any subsequent discovery from Mr. Roberts that might be ordered by Judge Rubin at that hearing. (ECF No. 97). Plaintiff argues that this discovery from Mr. Roberts could be critical, and it should therefore not be stayed. *Id.* In Defendants' Reply, they make clear that they are not seeking to stay the June 6, 2025 hearing, but when and whether Mr. Roberts' deposition will take place is unknown at this point. (ECF No. 99).

The Court concludes that it can fashion an order addressing the concerns raised by the parties short of issuing a complete stay. In its February 5, 2025 Memorandum Opinion and Order, the remaining scheduling order deadlines in the case were keyed to run 45 days after what was anticipated to be a re-opening of Plaintiff's deposition based on the anticipated forensic examination of her cell phone, and obtaining certain additional medical records. (ECF No. 72).[1] Now that such contemplated forensic examination apparently cannot take place (as discussed at some length in this Court's April 4, 2025 Letter Order And Opinion to Counsel (ECF No. 78)), the Court will instead order that the triggering event for Defendant's expert designation and subsequent scheduling order deadlines will be 45 days after the later of: (1) Judge Rubin's contempt hearing regarding Mr. Roberts (currently set for June 5, 2025); (2) the conclusion of any discovery from Mr. Roberts that Judge Rubin may order; or, (3) the Court's decision on the pending motions for sanctions (if that decision does not dispose of the case). Those remaining deadlines will therefore run as follows:

>Defendant's Rule 26(a)(2) expert disclosures are due 45 days from the last occurring of the above-described triggering events;

>Plaintiff's rebuttal Rule 26(a)(2) disclosures are due 14 days after Defendants' expert disclosures;

>Rule 26(e)(2) supplementation of disclosures and responses are due 7 days after Plaintiff's rebuttal disclosures;

---

[1] The Court notes that it erroneously described the first such deadline as being *Plaintiff's* expert designation deadline when it instead should have been *Defendant's* expert designation deadline. (ECF No. 72 at 4).

Discovery deadline and joint status report to be submitted 60 days after Rule 26(e) supplementation;

Requests for admission are due 7 days after the discovery deadline;

Dispositive pretrial motions to be filed 45 days after the requests for admission deadline.

The above extensions on the one hand postpone the need to engage in the expense of expert discovery but on the other allow for any discovery from Mr. Roberts to go forward, along with any remaining fact discovery. Accordingly, Defendants' Motion to Stay (ECF No. 96) is DENIED.

IT IS SO ORDERED.

Dated: May 13, 2025                                      /s/
                                                  J. Mark Coulson
                                                  United States Magistrate Judge