**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| YVETTE COOPER,<br><br>Plaintiff,<br><br>v.<br><br>BALTIMORE GAS AND ELECTRIC COMPANY and WHELAN SECURITY MID-ATLANTIC LLC, d/b/a GARDAWORLD SECURITY SERVICES d/b/a GARDAWORLD,<br><br>Defendants. | : | Civil Action No. 1:23-cv-03116-JRR |

**DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION REQUESTING RELIEF FOR THE SPOLIATION OF EVIDENCE (PLAINTIFF'S PHONE)**

Pursuant to Federal Rule of Civil Procedure 72 and Local Civil Rule 301.5, Defendants Baltimore Gas and Electric Company ("BGE") and Whelan Security Mid-Atlantic LLC, d/b/a GardaWorld Security Services, d/b/a GardaWorld ("GardaWorld") (collectively, "Defendants") hereby submit their Objections to the Report and Recommendation Regarding Defendants' Motion Requesting Relief for the Spoliation of Evidence (Plaintiff's Phone) (hereafter "R&R"), ECF No. 108. For the reasons set forth more fully herein, the Court should reject the finding in the R&R that the evidence of intent to deprive, pursuant to Federal Rule of Civil Procedure 37(e)(2), is "mixed," conclude Defendants established an intent to deprive and, therefore, dismiss Plaintiff's Complaint in its entirety with prejudice as a sanction for the spoliation of text messages and other communications between Plaintiff and Tavon Roberts. In the alternative, the Court should reject the statement in the R&R that "Defendants [sought] only Rule 37(e)(2) sanctions," and impose

appropriate sanctions short of dismissal based on Plaintiff's and her counsel's spoliation of evidence central to this litigation, as recommended in the R&R.

**PROCEDURAL HISTORY**

On April 22, 2025, Defendants filed a Motion for Sanctions Based on Spoliation of Text Messages and Other Communications. ECF No. 87. As a sanction for Plaintiff's and/or her counsel's spoliation of text messages and other communications between Plaintiff and Tavon Roberts, Defendants sought dismissal of Plaintiff's Complaint in its entirety with prejudice, pursuant to Federal Rule of Civil Procedure 37(e)(2). *See* ECF No. 87; ECF No. 87-1. Defendants further argued they were prejudiced by the loss of the communications per Fed. R. Civ. P. 37(e)(1), which allows for "measures no greater than necessary to cure the prejudice," and sought alternative sanctions in the event the Court found dismissal was not appropriate. *See* ECF No. 87-1 at 17-20 & n.2. In addition, Defendants requested their reasonable attorneys' fees and costs. *See* ECF No. 87; ECF No. 87-1 at 1, 19-20.

On May 16, 2025, Magistrate Judge Coulson issued the R&R on Defendants' Motion. ECF No. 108. The R&R concludes that the four threshold requirements set forth in Fed. R. Civ. P. 37(e) for the imposition of sanctions "are easily met." R&R at 8. Specifically, the R&R concludes Plaintiff's "duty to preserve relevant evidence attached at the latest in September of 2022," *id.* at 8; discoverable ESI in the form of text messages and Facebook messenger communications between Plaintiff and Mr. Roberts "was lost based on [Plaintiff's] lack of preservation," *id.* at 8-9; "neither Plaintiff nor her counsel took reasonable steps to preserve the information," *id.* at 9; and the missing communications cannot be recovered. *Id.*[1]

[1] The R&R notes, among other things, "[a]lthough there is always the possibility that such communications might still come to light . . . possibly through Plaintiff's counsel's efforts with Apple's general counsel, that remains completely speculative at this point." R&R at 9. Since the

Recognizing that the missing evidence goes directly to the issue of whether the alleged conduct was unwelcome, Magistrate Judge Coulson concluded sanctions are appropriate pursuant to Rule 37(e)(1), *id.* at 10-11; *see also id.* at 1 ("the undersigned recommends that U.S. District Judge Julie Rubin deny the relief as requested, but grant alternative relief based on Plaintiff's conduct."), although incorrectly noting "Defendants seek only Rule 37(e)(2) sanctions." *See id.* at 10.

The R&R recommends the Court deny Defendants' request to dismiss the case pursuant to Rule 37(e)(2), concluding the evidence on intent to deprive is "mixed." R&R at 11-12. The R&R found "there are some circumstances surrounding Plaintiff's lack of preservation well after the duty to preserve attached and well after she had engaged counsel that tend to support such intent," including Plaintiff's shifting explanations concerning the whereabouts of her cell phone, the lack of any information on how Plaintiff's cell phone became damaged years after she filed her lawsuit, Plaintiff's admission that she took "affirmative steps" to block Mr. Roberts on Facebook "understanding that the effect of that would be to make their 'almost daily messages' inaccessible yet foregoing any steps to preserve those messages beforehand," and Plaintiff's inability to remember either the passcode for her phone or her iCloud account. *Id.* at 11-12. The R&R found, however, that Plaintiff's counsel attempted to recover the lost communications since at least January 2025 by agreeing to a forensic examination of Plaintiff's phone, cooperating in the forensic process, and contacting Apple's general counsel. *Id.* at 12. Accordingly, the R&R recommends against dismissal of Plaintiff's Complaint as a sanction for spoliation based on the conclusion that the evidence of intent to deprive is "mixed." *Id.*

---

issuance of the R&R, Apple has informed Plaintiff's counsel that it "is not able to unlock an iPhone on behalf of a customer." Exhibit A.

## ARGUMENT

### I. THE COURT SHOULD REJECT THE CONCLUSION IN THE R&R THAT THE EVIDENCE OF INTENT TO DEPRIVE IS "MIXED," CONCLUDE THAT DEFENDANTS ESTABLISHED AN INTENT TO DEPRIVE, AND DISMISS PLAINTIFF'S COMPLAINT IN ITS ENTIRETY WITH PREJUDICE UNDER RULE 37(e)(2)

The Court should reject the conclusion in the R&R that the evidence of intent to deprive is "mixed." Defendants agree that Plaintiff's actions, as detailed in their Motion for Sanctions and the R&R, reflect an intent to deprive Defendants of the text messages and Facebook messenger communications between Plaintiff and Mr. Roberts. Defendants object, however, to the conclusion in the R&R that the actions of Plaintiff's counsel "are inconsistent with an intent to deprive," R&R at 12, and, therefore, object to the conclusion in the R&R that the evidence of intent to deprive is "mixed."

#### A. The Text Communications Between Plaintiff and Mr. Roberts

The actions of Plaintiff's counsel upon which the R&R relies – agreeing to a forensic examination of Plaintiff's cell phone, cooperating in the forensic process, and contacting the general counsel of Apple – all occurred ***years after*** Plaintiff's duty to preserve arose, ***years after*** Plaintiff retained counsel, and only after Defendants filed their Motion to Compel. Plaintiff engaged counsel in September 2022. From September 2022 all the way until January 2025 – and only after Defendants sought Court intervention – Plaintiff's counsel did absolutely nothing to preserve or search Plaintiff's text communications with Mr. Roberts. Indeed, Plaintiff's counsel informed Defendants that Plaintiff's phone had been traded in, which turned out to be false. Only

after Defendants sought Court intervention and indicated dismissal may be warranted as a sanction did Plaintiff's counsel take any steps whatsoever to obtain the text messages.[2]

As the R&R concluded, Plaintiff's duty to preserve evidence arose no later than September 2022, R&R at 8, yet Plaintiff's counsel's "active attempts" to recover the lost communications did not commence until at least January 2025, *id.* at 12, and Plaintiff's counsel contacted the general counsel of Apple in April 2025. *See* Exhibit A. Indeed, Plaintiff's counsel's conduct upon which the R&R relies all occurred after Defendants filed their Motion to Compel on December 27, 2024 and Plaintiff was forced to explain the actions (or lack thereof) of herself and her counsel as it relates to the preservation (or lack thereof) of critical evidence at the time she decided to pursue her claims against Defendants.

In concluding the evidence of intent to deprive is "mixed," the R&R does not rely upon any conduct engaged in by Plaintiff's counsel from **<u>September 2022 to January 2025</u>** which demonstrates an attempt to preserve critical evidence so it would not become inaccessible and unavailable to Defendants – because, quite simply, no such actions were undertaken by Plaintiff's counsel. As detailed in Defendants' Motion to Compel, and as determined by the Court in the R&R, the screenshots of the text messages "inadequately capture the full extent of the text messages between Plaintiff and Mr. Roberts," as the "screenshots are visibly incomplete based on being cut off and lacking referenced attachments such as videos," are undated in some cases, and "there are long gaps in time where there are no messages at all, strongly suggesting that they are not the full inventory of relevant text messages between the two." R&R at 8-9. Despite these deficiencies, which are facially obvious, Plaintiff's counsel took no steps to preserve Plaintiff's cell phone, to

---

[2] Prior to Court intervention, Plaintiff's counsel stated they had the SIM card from Plaintiff's cell phone. As the R&R noted, the SIM card did not contain any text messages. R&R at 4.

download the entire text message stream between Plaintiff and Mr. Roberts, or to review the text messages between Plaintiff and Mr. Roberts, relying solely on the screenshots provided by Plaintiff via her self-collection. Indeed, as the R&R concludes, "counsel took no steps to assist in preservation at a time when the messages were still easily preserved." R&R at 9. This Court should conclude that the failure to do so is clear evidence of a willful intent to deprive Defendants of the text messages. Accordingly, this Court should reject the conclusion in the R&R that the evidence of intent to deprive Defendants of the text messages is "mixed," conclude Defendants demonstrated evidence of intent to deprive them of the text messages, and dismiss Plaintiff's Complaint in its entirety with prejudice as a sanction for spoliation pursuant to Rule 37(e)(2).

**B. The Facebook Messenger Communications Between Plaintiff and Mr. Roberts**

Defendants further object to the R&R's conclusion that the evidence of intent to deprive is "mixed" as it relates to Plaintiff's Facebook messenger communications with Mr. Roberts, as the R&R does not point to any "mixed" evidence regarding the Facebook messenger communications.

As noted above, the R&R found Plaintiff's conduct as it relates to the Facebook messenger communications supports an intent to deprive Defendants of the evidence: "[Plaintiff] admits that she took the affirmative step of blocking Mr. Roberts on Facebook – again after suit had been filed – understanding that the effect of that would be to make their 'almost daily messages' inaccessible yet foregoing any steps to preserve those messages beforehand." R&R at 11-12. In fact, the R&R concludes that Plaintiff "took affirmative steps to block Mr. Roberts, thereby depriving the parties of access to the messages during the pendency of the present suit." *Id.* at 9. As detailed in the R&R, Plaintiff and Mr. Roberts communicated daily via Facebook messenger, yet Plaintiff only produced two messages in discovery, both of which post-dated her separation of employment with GardaWorld. *Id.* at 4.

Yet, the R&R does not point to any evidence whatsoever of actions by Plaintiff's counsel which would arguably tend to demonstrate a lack of intent to deprive as it relates to the Facebook messenger communications, thereby rendering the evidence of intent to deprive "mixed" as it relates to the Facebook messenger communications. *See* R&R at 12. Indeed, as the R&R concluded:

> The Court also concludes that neither Plaintiff nor her counsel took reasonable steps to preserve the information. . . . Additionally, based on the information presented to the Court, ***counsel*** took no steps to assist in preservation at a time when the messages were still easily preserved, ***and took no steps to collect the Facebook Messenger messages which were still accessible until Plaintiff blocked Mr. Roberts in approximately late 2023 or early 2024***.

R&R at 9 (emphasis added). The actions relied upon in the R&R to conclude that the evidence of intent to deprive is "mixed" all related to the text communications between Plaintiff and Mr. Roberts – not the Facebook messenger communications. The evidence of intent to deprive as it relates to the Facebook messenger communications is clear, convincing, and unequivocal. *See Jennings v. Frostburg State Univ.*, 679 F. Supp. 3d 240, 294-95 (D. Md. 2023) (Rule 37(e)(2) sanctions are appropriate where the "'party acted with *intent to deprive* another party of the information's use in litigation'" by engaging in "willful or intentional conduct.") (emphasis in original).

Accordingly, this Court should reject the conclusion in the R&R that the evidence of intent to deprive is "mixed" as it relates to the Facebook messenger communications, conclude Defendants demonstrated evidence of intent to deprive them of the Facebook messenger communications, and dismiss Plaintiff's Complaint in its entirety with prejudice as a sanction for spoliation pursuant to Rule 37(e)(2).

## II. THE COURT SHOULD REJECT THE STATEMENT IN THE R&R THAT DEFENDANTS ONLY SOUGHT SANCTIONS UNDER RULE 37(e)(2)

The R&R states "Defendants seek only Rule 37(e)(2) sanctions." R&R at 10. Defendants object to this statement, as it is not correct. Accordingly, this statement in the R&R should be rejected, and the Court should impose appropriate sanctions short of dismissal based on Plaintiff's and her counsel's spoliation of evidence central to this litigation, as recommended in the R&R.

As detailed above, Defendants argued in their Motion for Sanctions that they were prejudiced by the loss of the communications per Fed. R. Civ. P. 37(e)(1), which allows for "measures no greater than necessary to cure the prejudice," and sought alternative sanctions in the event the Court found dismissal was not appropriate. *See* ECF No. 87-1 at 17-20 & n.2. Thus, the Court should reject the statement in the R&R that Defendants only sought sanctions under Rule 37(e)(2). Indeed, the R&R properly concluded Defendants established prejudice pursuant to Rule 37(e)(1) and recommended sanctions under Rule 37(e)(1). R&R at 1, 10-11.

## CONCLUSION

For the reasons set forth herein, the Court should reject the conclusion in the R&R that the evidence of intent to deprive is "mixed," conclude Defendants demonstrated an intent to deprive, and dismiss Plaintiff's Complaint in its entirety with prejudice, pursuant to Rule 37(e)(2). In addition, the Court should reject the statement in the R&R that Defendants only sought sanctions pursuant to Rule 37(e)(2) and, if dismissal is not warranted, impose sanctions under Rule 37(e)(1), as recommended in the R&R.

Respectfully submitted,

_/s/ Anessa Abrams_______________
Anessa Abrams (Bar No. 12581)
FordHarrison LLP
2000 M Street, N.W.
Suite 505
Washington, DC 20036
(202) 719-2000
aabrams@fordharrison.com

*Counsel for Defendant Whelan Security Mid-Atlantic LLC d/b/a GardaWorld Security Services d/b/a GardaWorld*

_/s/ Lindsey A. White____________
Lindsey A. White (Bar No. 29183)
Justin T. Liberatore (Bar No. 30277)
Jackson Lewis PC
2800 Quarry Lake Drive, Suite 200
Baltimore, MD 21209
(410) 415-2000
lindsey.white@jacksonlewis.com
justin.liberatore@jacksonlewis.com

*Counsel for Defendant Baltimore Gas and Electric Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of May, 2025, I caused a true and correct copy of the foregoing **DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION REQUESTING RELIEF FOR THE SPOLIATION OF EVIDENCE (PLAINTIFF'S PHONE)** to be electronically filed with the Court using the Court's CM/ECF electronic filing system, which will automatically send email notification of such filing to all counsel of record.

_/s/ Anessa Abrams ____________________
Anessa Abrams

WSActiveLLP:114283964.1