**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

Yvette Cooper                                  *

2301 North Calvert Street

Baltimore, Maryland 21218

      *Plaintiff,*                            *

vs.                                        Case Number 1:23-CV-031106

Gas and Electric Company, et al.        *

2 Center Plaza

110 West Fayette Street

Baltimore, Maryland 21227,            *

      *Defendants.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## <u>Response to Defendant BGE's letter dated September 2, 2025</u>

Dear Judge Rubin:

   In response to Defendant BGE's letter of September 2, 2025, not styled as a motion, the Plaintiff's position is that the correspondence does not recognize the statement of your honor during the contempt hearing. Plaintiff's counsel, Donald R. Huskey recalls that the court stated in summary after finding Tavon Roberts in contempt, I am imposing a $5,000 fine, suspending it, and if he fails to appear at a future deposition after being served in accordance with the rules, either counsel can make me aware. Upon notice, I will then reimpose the suspended fine of $5,000 and notify the clerk to record it. This Honorable Court also stated that the fine was an effort to "get his attention," referring to Tavon Robert's failure to appear at a previous deposition on December 16, 2024, which was the subject of the hearing. Further the court stated that it would entertain other sanctions in the future, if Roberts failed to appear.

At the cellphone hearing before Judge Coulson where Donald R. Huskey also represented the Plaintiff, Judge Coulson stated in open court from the bench that he would order Roberts to produce his personal cellphone and information necessary to access his social media if he appeared before his honor who has been assigned discovery issues by this Honorable Court pursuant to the federal rules. Judge Coulson requested that counsel make Judge Rubin of his comments, which Plaintiff's counsel has done. As both of these hearings were recorded, Plaintiff's counsel Huskey will defer to the electronic record for exact wording.

Despite these comments on the records from the bench based on Plaintiff's counsel's recall, Defendant BGE filed their letter seeking dismissal of the Plaintiff's lawsuit in its entirety based on the claim that it has been denied the full exchange of message between Yvette Cooper and Tavon Roberts who the Plaintiff alleges were jointly employed by the defendants, despite the production of information under the protocols that could be retrieved from the Plaintiff's personal cellphone including her remembering the iCloud password and providing it to Jim Vaughn, the suggested forensic expert suggested by the defendants, agreed to by the Plaintiff, and accepted by Judge Coulson. Plaintiff has paid this expert thousands of dollars to retrieve and produce text information and emails to the defendants based on the agreed-on protocols between the parties from the Plaintiff's cellphone and iCloud account.

The defendants instead of seeking an order from Judge Coulson to require Roberts to produce his personal cellphone and social media account access information if he appears before his Honor has retained an individual to be present at the two noted depositions to retrieve forensic information from his personal cellphone should Roberts appear at the deposition. The parties have not agreed in writing to the protocol for the phrases and subject matter that will be retrieved from the personal cellphone of Tavon Roberts or to this individual. Judge Coulson further stated in the event that the parties were unable to agree to the protocols for the search of the cellphones that the issue should be brought to his attention for resolution, so that Vaughn could retrieve the information ordered.

Plaintiff requests that you not overrule the decision of Judge Coulson and dismiss the lawsuit as Defendant BGE argues in its letter because the decision making was legally sound and fair to the parties. The judiciary has been working diligently with the parties to produce the discovery that is available and these efforts should not be short circuited by Defendant BGE's assertions in the letter. Furthermore, there are remaining viable counts for which the text messages exchanged between Plaintiff and Roberts are not necessary and which can be decided upon by the court and/or jury based on the deposition testimony taken to date and documents exchanged by the parties during discovery.

The Plaintiff will file a line regarding the service of the subpoena, notice of deposition, and failure of Tavon Roberts to appear at the deposition on August 27th, 2025, within the next few days, when the transcript and exhibits from the deposition are produced by the court reporter.

For these reasons, the published decision of Judge Coulson with his recommendations on this issue, and on the entire record, Plaintiff requests that the relief requested for dismissal of the Plaintiff's lawsuit in the September 2, 2025,  be denied at the time that this Honorable Court rules.


Respectfully submitted,

Donald Huskey /s/

Donald R. Huskey (Bar No. 22981)

CPF NO. 0712010286

Law Offices of Donald R. Huskey LLC

9419 Lyonswood Drive

Owings Mills, Maryland 21117

443-929-1001

dr.huskey@gmail.com


## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September 2025, that I served a copy of this **Response to Defendant BGE's letter dated September 2, 2025,** upon counsel for the Defendants GardaWorld and Baltimore Gas & Electric Company via electronic mail.


Governor Jackson, III /s/