IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| YVETTE COOPER,<br><br>*Plaintiff,*<br><br>v.<br><br>BALTIMORE GAS AND ELECTRIC COMPANY, *et al.*,<br><br>*Defendants.* | Civil No. 1:23-cv-03116-JRR |

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter comes before the court on Defendants' Motion for Sanctions Based on Spoliation of Text Messages and Other Communications (ECF No. 87; the "Motion"), Magistrate Judge J. Mark Coulson's Report and Recommendation regarding same (ECF No. 108; the "R&R"), and Defendants' objections thereto (ECF No. 112; "Defendants' Objections"). The court has reviewed all submissions; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

**I.   BACKGROUND**

The court adopts and incorporates herein the relevant background set forth in the R&R. Briefly, this action arises from Plaintiff's allegation that her former GardaWorld supervisor, Mr. Tavon Roberts, sexually harassed her during her employment with Defendants. Plaintiff's allegations rely heavily upon messages exchanged between her and Roberts. Predominantly at issue here are Plaintiff's text messages and Facebook messages with Roberts. Plaintiff has failed to produce the messages in full, as well as in native format. Instead, Plaintiff has produced screenshots of text messages with Roberts, as well as two Facebook messages post-separation, despite Plaintiff testifying that she exchanged messages with Roberts nearly every day during her employment. The messages produced are, as Judge Coulson remarked, "an incomplete inventory

given that some are cut off, some have no date, there are large gaps in time that are unaccounted for, and there are references to video attachments that were not produced." (ECF No. 108 at p. 6.)

Plaintiff claims she is unable to produce her phone for review, citing "varied" explanations—Plaintiff's counsel first indicated she had "traded" her phone in but maintained the SIM card; Plaintiff later claimed her old phone was in her possession but it was cracked from being dropped multiple times. (ECF No. 108 at pp. 4–5.) Ultimately, the parties are not able to access the phone as Plaintiff asserts she cannot recall the necessary credentials, "and any attempt to reset [the phone or Plaintiff's iCloud account] would result in a loss of all of the data." *Id.* at p. 5; ECF No. 75. The parties are unable to unlock the phone without destroying the data.[1] *Id.* at pp. 5–6.

On April 22, 2025, Defendants filed the Motion seeking the sanction of dismissal of Plaintiff's Complaint, with prejudice, as a sanction for Plaintiff's and/or her counsel's spoliation of text and other communications between Plaintiff and Roberts. (ECF No. 87.) As Judge Coulson summarized:

> Thus, the current state of affairs is: (1) Plaintiff has only her screenshots of the text messages between herself and Mr. Roberts, which the Court views as an incomplete inventory given that some are cut off, some have no date, there are large gaps in time that are unaccounted for, and there are references to video attachments that were not produced (ECF No. 87-8 at 2-44); (2) Plaintiff has produced only two post-separation Facebook Messenger messages, when her testimony was that she communicated with Mr. Roberts on Messenger "almost every day" during her employment but lost access to the messages when she blocked Mr. Roberts, well after the litigation commenced; (3) Plaintiff's inability to recall her cell phone password and iCloud credentials renders both inaccessible; and, (4) T-Mobile is unable to produce a log of the messages because the date range sought falls outside its retention period.

---

[1] As the parties are well aware, the messages have not been made available through Roberts. Robert has been held (and is presently) in contempt of court for failing to appear at deposition following service of a subpoena by Plaintiff for same. (ECF No. 115; ECF No. 127.) BGE attempted to serve a subpoena duces tecum upon Roberts for production of the communications to no avail; BGE asserts Roberts "evaded service." (ECF No. 87-1 at p. 5 n.1.)

(ECF No. 108 at p. 6.)  Following briefing of the Motion, Judge Coulson issued his R&R, recommending the court deny the request for dismissal, but grant alternative relief that Defendants be permitted "to fully explore Plaintiff's lack of preservation before the jury," as well as a jury instruction from the court regarding Plaintiff's duty to preserve the relevant communications and her failure to fulfill that duty likely resulting in a loss of evidence being available to the defense with respect to the alleged consensual nature of the relationship.  *Id.* at p. 11.  Defendants objected to the R&R as set forth herein.  (ECF No. 112.)

## II.    LEGAL STANDARD

Pursuant to the Federal Magistrates Act, a district judge may designate a magistrate judge to "hear and determine any pretrial matter pending before the court," as well as "conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition."  28 U.S.C. § 636(b)(1).  Parties may file objections within 14 days following the Magistrate Judge's order or recommendation.  FED. R. CIV. P. 72(a), (b)(2).  For recommendations on dispositive motions, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  FED. R. CIV. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1)(C) (same).  In contrast, with referrals for nondispositive pretrial matters, the district judge reconsiders the magistrate judge's order where it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

"On review of a Magistrate Judge's resolution of a Rule 37(e) motion, the standard is governed by the result the Magistrate Judge determines, in the exercise of his discretion, is the appropriate outcome – not the relief requested by the movant."  *Fowler v. Tenth Planet, Inc.*, 673 F. Supp. 3d 763, 768 (D. Md. 2023) (citing cases).  Thus, "[w]hen a party brings any motion for sanctions, the sanction chosen by the magistrate judge, rather than the sanction sought by the party,

governs the determination of whether the matter is nondispositive or dispositive, and whether Rule 72(a) or 72(b) applies." *Edwards v. DeBord*, No. 7:18-CV-00423, 2021 WL 5827324, at *3 (W.D. Va. Dec. 8, 2021) (alteration in original) (quoting *Alpha Omega Servs. v. Dyncorp Int'l, LLC*, No. 1:13cv00809, 2014 WL 1401800, at *6 (E.D. Va. Apr. 9, 2014)). Because Judge Coulson concluded sanctions are not appropriate, the court proceeds under Rule 72(a), which is to say, it "consider[s] timely objections" and whether to "modify or set aside any part of the order that is clearly erroneous or is contrary to law."[2] FED. R. CIV. P. 72(a).

"The clearly erroneous standard applies to factual findings, while legal conclusions will be rejected if they are contrary to law." *Stone v. Trump*, 356 F. Supp. 3d 505, 511 (D. Md. 2018) (citations omitted). "Under the 'contrary to law' standard, 'the critical inquiry is whether there is legal authority that supports the magistrate's conclusion.'" *Id.* An order is contrary to law if it "'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Sandoval v. Starwest Servs., LLC*, 17-01053, 2018 WL 2426269, at *1 (E.D. Va. Feb. 16, 2018) (*DeFazio v. Wallis,* 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). Importantly, under clearly erroneous standard, the reviewing court does not ask whether the magistrate judge's ruling "is the best or only conclusion permissible based on the evidence;" neither does the court "substitute its own conclusions for that of the magistrate judge." *Huggins v. Prince George's Cty.*, 750 F. Supp. 2d 549, 559 (D. Md. 2010). A "finding is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Butts v. United States*, 930 F.3d 234, 238 (4th Cir. 2019) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985)).

---

[2] In any event, even were the court to consider Defendants' Objections under a *de novo* standard, it would not materially affect the court's decision.

4

### III. <u>ANALYSIS</u>

As Judge Coulson explained in his R&R, Rule 37(e) provides:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> > (A) presume that the lost information was unfavorable to the party;
> >
> > (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> >
> > (C) dismiss the action or enter a default judgment.

FED. R. CIV. P. 37(e).

"[O]nly a finding of prejudice is required for such not-greater-than-necessary sanctions." *Wall v. Rasnick*, 42 F.4th 214, 222 (4th Cir. 2022). But "where the spoliator 'acted with the intent to deprive another party of the information's use in the litigation,'" the court may dismiss the action or instruct the jury that they "may or must presume the information was unfavorable" to the spoliator. *Id.*; FED. R. CIV. P. 37(e)(2). "Subsection (e)(1) of that rule permits 'moderate' sanctions based on a finding of prejudice, while subsection (e)(2) permits more 'severe' sanctions 'upon finding that the party acted with the intent to deprive another party of the information's use in the litigation.'" *Doe v. Charlotte Mecklenburg Bd. of Educ.*, No. 23-1182, 2024 WL 3565522, at *8 (4th Cir. July 29, 2024) (quoting FED. R. CIV. P. 37(e)(2)).

5

### A. Defendants' Objection to the "Mixed" Evidence of Intent Finding

The bulk of Defendants' Objections to the R&R arise from Judge Coulson's determination, based upon his assessment of the proffered evidence, that "[t]he evidence on [Plaintiff's] intent to deprive is . . . mixed." (ECF No. 108 at p. 12; ECF No. 112 at pp. 11–12.)  Judge Coulson remarked:

> To be sure, there are some circumstances surrounding Plaintiff's lack of preservation well after the duty to preserve attached and well after she had engaged counsel that tend to support such intent.  For example, Plaintiff offered shifting explanations for the whereabouts of her phone, first suggesting that she traded it in but ultimately admitting it was still in her possession.  She offered no details on how it became damaged, except to verify that this occurred through multiple drops, but suggesting it nonetheless remained operable until nearly a year after suit was filed.  She admits that she took the affirmative step of blocking Mr. Roberts on Facebook—again after suit had been filed—understanding that the effect of that would be to make their "almost daily messages" inaccessible yet foregoing any steps to preserve those messages beforehand.  And she now claims she cannot remember either the passcode for her phone nor the code for her iCloud account.
>
> On the other hand, Plaintiff's counsel has actively attempted to recover the lost communications since at least January of 2025 when counsel agreed that a forensic examination of Plaintiff's cell phone was appropriate (having already offered such an examination of the SIM card when it was believed the phone had been traded).  (ECF No. 55).  Plaintiff's counsel has actively cooperated in the forensic process to gain access, and, when that failed to be fruitful, took the extra step of contacting Apple's general counsel.  Such efforts are inconsistent with an intent to deprive.

(ECF No. 108 at pp. 11–12) (footnote omitted).  Judge Coulson concluded the evidence of intent to deprive was mixed, and that Defendants had failed to demonstrate Plaintiff's intent to deprive by clear and convincing evidence.

In finding that the evidence of intent to deprive was mixed, Judge Coulson thoroughly and carefully considered the evidence that militates in favor of intent and mitigates against it.  While

6

the court appreciates that Defendants disagree with Judge Coulson, the court has reviewed the R&R and discerns no clear error in Judge Coulson's assessment or conclusion as to the facts; and discerns no part of Judge Coulson's process or the resultant recommendation as contrary to law. The court therefore overrules Defendants' Objections on this point.[3]

### B. Defendants' Objection Regarding Characterization of Sanctions Sought

Defendants further object to Judge Coulson's statement that Defendants "seek only Rule 37(e)(2) sanctions." (ECF No. 112 at p. 8.) They contend this statement is incorrect and should be rejected. It is true that Defendants argued they were prejudiced by the spoliation per Rule 37(e)(1), and that they met the standard for 37(e)(1) sanctions; but Defendants expressly argued that "even more severe sanctions were warranted under Rule 37(e)(2)." (ECF No. 87-1 at p. 18.) Indeed, Defendants specifically seek dismissal with prejudice available through Rule 37(e)(2). (ECF No. 87-1 at pp. 1–2, 12–13, 19.) Judge Coulson correctly noted this throughout his R&R and thus characterized Defendants as seeking relief pursuant to Rule 37(e)(2), *e.g.*, dismissal. To be sure, Defendants asserted an alternative request for relief via footnote, but the only specifically-identified alternative request—an adverse jury instruction—is similarly available under Rule 37(e)(2). *See* FED. R. CIV. P. 37(e)(2)(B). That Defendants identified in a footnote that the court should impose "any other sanction [it] deems appropriate" does not persuade the court that Judge Coulson was in error.

---

[3] The court notes what are in essence supplements to Defendants' Objections and Plaintiff's response. Defendants reiterate their Objections based on Roberts' continued non-appearance at deposition, which they describe as eliminating their "last remaining potential opportunity . . . to access non-spoliated text messages." (ECF No. 125.) Lack of access to the messages is clearly contemplated by the R&R; that Roberts' continues to flout the law does not alter the R&R or court's review of same. Further, while the court appreciates Defendants provide this update for the purpose of noting the impact of Roberts' non-appearance (and, relatedly, Plaintiff's lack of preservation), the court is mindful that Roberts' failure to appear does not bear on Plaintiff's intent to deprive Defendants of evidence—especially where Plaintiff, not Defendants, has been the driving force in seeking court intervention regarding his failure to appear at deposition and other non-compliance with court process.

In any event, the statement appears immaterial, because the R&R proposes a Rule 37(e)(1) sanction of "allowing Defendants to fully explore Plaintiff's lack of preservation before the jury, combined with an appropriate instruction from the Court." (ECF No. 108 at p. 11.) Judge Coulson proposed the court consider charging the jury as follows:

> You are instructed that Plaintiff had a duty to preserve all relevant communications between herself and Mr. Roberts, but failed to do so, likely resulting in a loss of evidence being available to the Defense regarding the alleged consensual nature of the relationship between Plaintiff and Mr. Roberts. You should not speculate as to what that evidence might have included or which party (if any) it might have supported. However, you should not conclude based merely on any perceived absence of evidence of additional communications between Plaintiff and Mr. Roberts that Plaintiff has carried her burden of demonstrating that their relationship was not consensual. Rather, you should consider all the evidence and testimony in this case in determining whether the parties have or have not met their respective burdens of proof without regard to which side produced it or the relative volume of information each side produced.

*Id.* As such, Defendants' objection is semantical not substantive. The court discerns no error in fact or law. The court, therefore, overrules Defendants' objection on this basis. However, because the court will adopt Judge Coulson's recommended Rule 37(e)(1) sanction as set forth in the R&R, for the sake of clarity, the court will grant in part and deny in part Defendants' Motion.

## IV. CONCLUSION AND ORDER

For the reasons set forth herein, the court **ACCEPTS** and **ADOPTS** the R&R (ECF No. 108) in its entirety. Therefore, it is this 30th day of September 2025:

**ORDERED** that Defendants' Objections (ECF No. 112), are **OVERRULED**; and further it is

**ORDERED** that Defendants' Motion for Sanctions Based on Spoliation of Text Messages and Other Communications (ECF No. 87) shall be, and is hereby, **GRANTED IN PART** and **DENIED IN PART**; and further it is

**ORDERED** that court will impose the following sanction upon Plaintiff pursuant to Federal Rule of Civil Procedure 37(e)(1):

In the presence of the jury, Defendants shall be permitted to explore fully Plaintiff's failure to preserve the communications with Roberts; and further

The court will instruct the jury as to Plaintiff's failure to preserve as follows or with equivalent language to be crafted by the court if/when this case reaches trial:

> You are instructed that Plaintiff had a duty to preserve all relevant communications between her and Mr. Roberts, but failed to do so, likely resulting in a loss of evidence being available to the Defense regarding the alleged consensual nature of the relationship between Plaintiff and Mr. Roberts. You should not speculate as to what that evidence might have included or which party (if any) it might have supported. However, you should not conclude based merely on any perceived absence of evidence of additional communications between Plaintiff and Mr. Roberts that Plaintiff has carried her burden of demonstrating that their relationship was not consensual. Rather, you should consider all the evidence and testimony in this case in determining whether the parties have or have not met their respective burdens of proof without regard to which side produced it or the relative volume of information each side produced.

/s/ _____
Julie R. Rubin
United States District Judge